**Shirley LARR, Appellant (Plaintiff Below),**

v.

**Dwight WOLF; Huntington County of Indiana; Board of Commissioners of Huntington County, Indiana; and Huntington County Highway Department, Appellees (Defendants Below).**

No. 3–1082A285.

Court of Appeals of Indiana, Third District.

July 12, 1983.

Rehearing Denied Aug. 24, 1983.

Joseph S. Northrop, Mills & Northrop, Huntington, for appellant.

Larry A. Steele, Clifford & Steele, P.C., Fort Wayne, for appellees.

HOFFMAN, Presiding Judge.

On January 13, 1979, an automobile driven by Charles Larr, in which Shirley Larr was a passenger, was involved in a collision

with a Huntington County Highway Department truck driven by Dwight Wolf, a Huntington County Highway Department employee. The Huntington County Sheriff's Department investigated and prepared a report on the accident. Wolf reported the accident to his employer. Custard Insurance Adjusters was hired by the County's insurance company to investigate the matter. Ten days after the accident an adjuster denied responsibility for car rental for the Larrs. Photographs of the scene and of the Larrs' car were taken by a representative of the County's insurance company. Larr was given a verbal denial of liability on February 11, 1979, less than one month after the accident.

The next contact made by Larr was a letter dated October 25, 1979, from her attorney, Joseph Northrop, to the County's insurance agency, advising the agency that Northrop represented Larr. No notice of claim was filed with the County until April of 1980, over a year after the accident.

Larr brought this tort action on September 22, 1980, against Wolf, Huntington County, the Board of Commissioners, and the Highway Department to recover damages for personal injuries sustained as a result of the January 13 collision. The defendants were defaulted on October 20, 1980, and the default was set aside on October 31, 1980. After a change of venue, the defendants moved for a summary judgment, which was subsequently granted. Larr has brought this appeal from the summary judgment entered in favor of the defendants and presents the following issues for review: [1]

(1) whether the trial court erred in denying the filing of Larr's affidavit in opposition to the defendants' motion for summary judgment;

(2) whether the trial court erred in considering the affidavit submitted in support of the defendants' motion for summary judgment; and

(3) whether the trial court erred in finding that the defendants were entitled to a summary judgment due to the

notice provisions of the Indiana Tort Claims Act.

Indiana Rules of Procedure, Trial Rule 56(C), relating to summary judgments, provides, in pertinent part: "The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis added.) On April 2, 1982, the day of the hearing on the motion for summary judgment, Larr's attorney tendered her affidavit in opposition to the motion. The trial court denied the filing of the affidavit on the ground that it was not timely filed.

Larr argues that T.R. 56(C) is permissive, and the trial court should have allowed the filing of her affidavit. She further argues that the trial court may consider documents on file at the time of rendering summary judgment, and since the trial court did not render judgment in this instance until 2½ months after the hearing, her affidavit was timely. As authority for this proposition, Larr cites a footnote in *Evansville-Vanderburgh School Corp. v. Moll* (1974), Ind.App., 318 N.E.2d 391. Her arguments are based upon some misconceptions.

First of all, the Supreme Court of Indiana granted transfer on the case of *Evansville-Vanderburgh School Corp. v. Moll, supra*, on April 1, 1976, thereby vacating the entire Court of Appeals' opinion. The Supreme Court opinion is found at 264 Ind. 356 and 344 N.E.2d 831. Aside from the fact that the case cited is no longer law, it was also not on point with Larr's argument. The footnote in *Evansville-Vanderburgh* dealt with a situation in which documents were presented to the trial court *after* the summary judgment and *before* the ruling on the motion to correct errors; consequently, this Court stated that such documents are not required to be considered on appeal. This has nothing to do with the factual situation before us at this time and does not address the question of the timeliness of Larr's affidavit.

1. The issues have been restated for purposes of clarity.

Larr's argument that T.R. 56(C) is permissive is correct to a certain extent. The permissive portion states that the adverse party may serve opposing affidavits. Nothing requires the opposing party to file affidavits. However, it is clear that any filing of opposing affidavits must be done prior to the day of hearing. Trial Rule 56(F) provides for a possible continuance in the event the opposing party has some difficulty in obtaining his affidavits. Trial Rule 56(E) provides for supplementation *of affidavits.* One assumes affidavits must first be timely filed before they can be later supplemented pursuant to T.R. 56(E).

■ Just as T.R. 56(C) requires the motion for summary judgment to be served at least ten days before the time fixed for the hearing in order to avoid surprising the other party, so does T.R. 56(C) require the adverse party to serve any opposing affidavits he chooses to file prior to the day of the hearing. Larr's affidavit was tendered on the day of the hearing, rather than prior to it; therefore, the trial court properly denied the filing as being untimely.

■ Along with their motion for summary judgment, the defendants filed an affidavit sworn to by Robert R. Mellon, the branch manager of Custard Insurance Adjusters. Larr argues that portions of this affidavit should not have been admitted in that the affidavit contained hearsay. However, even assuming arguendo, the affidavit of Mellon should have been disregarded; Larr is still left with insufficient evidence supporting her theory that the defendants waived notice or were estopped from asserting the defense of failure of notice. In Larr's complaint she states that her notice of claim was filed in April of 1980, which was over a year after the accident.

The applicable notice provision of the Indiana Tort Claims Act is found at Ind.Code § 34–4–16.5–7 (Burns Code Ed.):

"Notice of claim against political subdivision required.—Except as provided in section 8 [34–4–16.5–8] of this chapter a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision

within one hundred eighty [180] days after the loss occurs."

Subsequent sections clarify the notice requirement further:

"34–4–16.5–9. Contents of notice.—The notice required by sections 6, 7, and 8 [34–4–16.5–6—34–4–16.5–8] of this chapter shall describe in a short and plain statement the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

"34–4–16.5–11. Form and service of notice of claim.—The notices required by sections 6, 7, 8 [34–4–16.5–6—34–4–16.5–8] and 10 [34–4–16.5–10] of this chapter must be in writing and must be delivered in person or by registered or certified mail."

■ Larr attempts to argue that she substantially complied with these notice provisions through her dealings with the defendants' insurance company. There are cases where a party's actions constitute substantial compliance with the statute. *See Delaware County v. Powell* (1979), Ind., 393 N.E.2d 190; *Galbreath v. City of Indpls.* (1970), 253 Ind. 472, 255 N.E.2d 225. However, such was not the case here. Other than the County's routine investigation, the only discussions in this case between Larr and the insurance company seemed to revolve around the issue of a rental car. In addition, Larr was given a verbal denial of any liability less than one month after the accident, well within the 180 days she had in which to file her notice.

In reviewing a similar situation, the Supreme Court of Indiana held in *Geyer v. City of Logansport et al.* (1977), 267 Ind. 334, at 338, 370 N.E.2d 333, at 336:

"The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding

circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute." (Citations omitted.)

Perhaps the case closest to being on point with this action is *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201. The parties in *Coghill* had even more contact than the parties presently before us; yet this Court held then that Coghill failed to show substantial compliance. The Court found that the city's independent investigation and the correspondence between Coghill's attorney and a claims adjuster was not sufficient to establish substantial compliance. The Court also held that Coghill's claim of estoppel failed in that one who claims estoppel or waiver in the notice statute situation must be without knowledge or reasonable means of knowing the true facts. Just as Coghill could not establish such reliance, neither can Larr.

When reviewing the granting of a summary judgment, we are required to determine whether there is a genuine issue of material fact and whether the trial court correctly applied the law. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756. We have, there is not, and it did. Therefore, the judgment of the trial court is affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.