**R.K. ELLIS, M.D., Defendant–Appellant,**

v.

**Michael A. SMITH and Candy Smith, Plaintiffs–Appellees.**

**No. 64A03–8802–CV–46.**

Court of Appeals of Indiana, Third District.

Sept. 26, 1988.

Rehearing Denied Nov. 10, 1988.

---

Edward N. Kalamaros, Peter J. Agostino, Edward N. Kalamaros & Associates, P.C., South Bend, for defendant-appellant.

James R. Oates, Merrillville, for plaintiffs-appellees.

HOFFMAN, Judge.

Defendant-appellant Dr. R.K. Ellis presents an interlocutory appeal from a denial of summary judgment. After a medical review panel concluded that defendant met the applicable standard of care, plaintiffs brought a medical malpractice suit against Dr. Ellis in Porter Superior Court.

In their complaint, the Smiths alleged that Dr. Ellis failed to fully inform them of the risks of an elective surgical procedure. Dr. Ellis performed foot surgery on Michael A. Smith, who suffers from muscular dystrophy. The procedure was intended to correct equine contractions and allow Michael to place his feet flatly on the ground, enabling him to stand for longer periods of time. Following surgery, Michael was unable to walk. Plaintiffs claim defendant performed more extensive surgery then discussed, and failed to disclose the risks of more complicated surgery. Plaintiffs allege the surgery required an extended recovery period causing premature confinement to a wheelchair.

Porter Superior Court denied defendant's motions for summary judgment. Ind.Rules of Procedure, Trial Rule 56. Appellant argues that trial court erred in denying summary judgment when plaintiff failed to present admissible expert opinion contrary to the medical panel finding.

Summary judgment is appropriate where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Yang v. Stafford* (1987), Ind.App., 515 N.E.2d 1157, 1162. The purpose of summary judgment proceedings is to terminate litigation when no factual basis exists and when a case may be determined as a matter of law. *Skaggs v. Merchants Retail Credit Ass'n.* (1988), Ind.App., 519 N.E.2d 202, 203.

■ An action prefaced on the doctrine of informed consent is considered as one based on negligence. *Revord v. Russell* (1980), Ind.App., 401 N.E.2d 763, 766.

Malpractice as alleged in the complaint is the tort of negligence. Malpractice is defined as follows:

> "'In Indiana the tort of negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure.'" *Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 441.

The general rule is that expert medical opinion testimony is required to establish the content of reasonable disclosure unless the situation is clearly within the realm of laymen's comprehension, as where disclosure is so obvious that laymen could recognize the necessity of such disclosure. *Searcy v. Manganhas* (1981), Ind.App., 415 N.E.2d 142, 144.

■ In the present case, the reasonable disclosure and informed consent necessary for elective foot surgery on a muscular dystrophy patient is not clearly within a layman's realm of comprehension. Plaintiffs were required to come forward with expert medical opinion contrary to the unanimous finding of the medical review panel. The question of an appropriate standard of care may not be resolved without resort to expert testimony. *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202, 1203.

■ Plaintiffs argue that testimony from the defendant-doctor's deposition provided expert opinion of the locality's proper standard of care for disclosure of surgical risks. No affidavit verifying the deposition's contents was filed. The record contains no indication of a motion to publish defendant's deposition. The parties did not stipulate to the contents of the deposition. Because the defendant's deposition was not published, it could not be considered by the trial court in its summary judgment ruling. Defendant's deposition cannot be considered in reviewing the trial court ruling on summary judgment. *Bell v. Horton* (1980), Ind.App., 411 N.E.2d 648.

■ Even if defendant-doctor's deposition could be considered, it does not provide expert opinion contrary to the medical review panel findings on the issue of proximate cause, the causal connection between inadequate disclosure and resulting damage. Plaintiffs failed to present expert medical testimony contradicting panel findings on a necessary element of a prima facie medical malpractice suit. Despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no conflict regarding facts dispositive of the litigation. *Day v. Bicknell Minerals, Inc.* (1985), Ind. App., 480 N.E.2d 567, 570.

■ On January 19, 1988, plaintiffs offered expert medical testimony in the form of two affidavits from Dr. Victoria T. Smith. January 19, 1988 was the day of the third hearing on defendant's second motion for summary judgment.

Trial Rule 56(C) states that "[t]he adverse party prior to the day of hearing may serve opposing affidavits." This has been interpreted as permitting but not requiring opposing affidavits. It is clear that any filing of opposing affidavits must be done prior to the day of hearing. *Larr v. Wolf* (1983), Ind.App., 451 N.E.2d 664, 666.

If the opposing affidavit is not filed prior to the day of summary judgment hearing, it is untimely. The plaintiffs' opposing affidavits tendered on the day of hearing were not timely filed. The trial court erred in accepting and considering plaintiffs' opposing affidavits in its summary judgment ruling.

■ Even if the opposing affidavits were timely filed, the affidavits were inadmissible. Trial Rule 56(E) states that "[s]tatements in an affidavit must be based on personal knowledge, shall set forth facts as would be admissible in evidence and shall show that the affiant is competent to testify." The court should disregard affidavits that do not meet the requirements of T.R. 56(E) when determining whether to grant or deny a summary judgment motion. *Cunningham v. Associates Cap. Ser. Corp.* (1981), Ind.App., 421 N.E.2d 681.

In the opposing affidavits, plaintiffs failed to show that Dr. Victoria T. Smith was competent to testify as an expert medical witness. An expert medical witness may not testify to the standard of care unless the record shows that the witness is familiar with standard of care in the same or similar locality as the one in which the complained of services were performed, or that the witness is testifying as to certain minimal standards of care that are uniform throughout the country for that particular practice. *Wilson v. Sligar* (1987), Ind. App., 516 N.E.2d 1099.

Dr. Victoria T. Smith's affidavits stated that she studied medicine in Indiana and was aware of the standard of care in the state. Dr. Smith practices medicine in Pennsylvania not Indiana. In her affidavits, the doctor failed to demonstrate familiarity with the standard practice for an orthopedic surgeon in Elkhart, Indiana or a similar community in 1982. The affidavits also failed to show whether a uniform minimum standard of care existed regardless of where the treatment was performed making the national and community standard synonymous. *Wilson v. Sligar, supra,* 516 N.E.2d at 1102. Dr. Smith's affidavits were inadmissible for consideration on the summary judgment ruling.

Plaintiffs' failure to provide admissible expert testimony contrary to medical panel finding defeats the medical malpractice claim. Trial court erred in denying defendant's motion for summary judgment where no genuine issue of material facts exists and defendant is entitled to judgment as a matter of law.

REVERSED.

RATLIFF, C.J., and STATON, J., concur.