**MARATHON PETROLEUM COMPANY,**
f/k/a Marathon Oil Company and the
Ohio Oil Company, Plaintiff–Appellant,

v.

**COLONIAL MOTEL PROPERTIES,**
INC., and United Family
Properties, Inc., Defendants–Appellees.

No. 10A01–8906CV202.

Court of Appeals of Indiana,
First District.

Feb. 26, 1990.

David W. Crumbo, Christopher R. Fitzpatrick, Brown, Todd & Heyburn, New Albany, for plaintiff-appellant.

John R. Garry, Jr., New Albany, for defendants-appellees.

BAKER, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Marathon Petroleum Company f/k/a Marathon Oil Company and the Ohio Oil Company (Marathon), appeals a judgment awarding defendant-appellee, Colonial Motel Properties, Inc. and United Family Properties, Inc. (Colonial), title to certain real estate by adverse possession.

We affirm.

## STATEMENT OF THE FACTS

This case involves a dispute over a .27 acre tract of land forming a common boundary between two contiguous tracts of land, one owned by Colonial and one owned by Marathon. On April 18, 1962, the Colonial Corporation,[1] conveyed a .867 acre tract of land to The Ohio Oil Company, Marathon's predecessor. On November 21, 1968, The Colonial Corporation conveyed an adjacent 7.746 acre tract of land to George and Martha Perry (the Perrys). The deed for this property contained an exclusion for the bordering .867 acre tract previously conveyed to Marathon. The Perrys subsequently formed a corporation known as United Family Properties, Inc. On May 1, 1977, the Perrys transferred the 7.746 acre tract, less Marathon's .867 acre tract, to their newly formed corporation. In 1986, the Perrys formed Colonial which acquired the 7.746 acre tract from United Family Properties.

Since acquiring the 7.746 acre tract in 1968, the Perrys have operated a motel on the property. At the time of purchase, the Perrys decided to try to expand their motel business by appealing to trailer truck drivers. To accommodate the trucks, the Perrys used rock and dirt to fill in the southern portion of their property in addition to a .27 acre portion of Marathon's property (the disputed tract). The process was completed in 1970, but over time, the Perrys continued to fill in the disputed tract with rock as needed. At the time the Perrys were filling in the disputed tract, they erected a sign which read: "Free Parking for Colonial Inn Motel Guests Only. All Others $20.00 per night. Violators impounded at owner's expense! All vehicles must register." *Record* at 391. The disputed tract and the sign were both visible from Marathon's property. In addition, the Perrys employed a security guard to protect the trucks and to ensure that all trucks parked in the lot were properly registered with Colonial. Occasionally, truck drivers from a nearby motel would park their trucks in the lot, but were asked to leave if

Colonial discovered they were not registered with the office.

Marathon did not approach Colonial regarding its use of the land until December 3, 1985. At that time, Marathon had been approached by a potential buyer and wanted Colonial to sign an agreement in exchange for its continued use of the disputed tract. On April 25, 1986, an attorney from a firm which once represented the Perrys wrote a letter to Marathon's counsel. The letter stated that Colonial was not claiming ownership of the disputed tract through adverse possession. The letter further stated that Colonial wanted to continue to use the land with Marathon's permission.

On September 1, 1987, Marathon filed a complaint for ejectment and to quiet title. Colonial responded with a counterclaim seeking to establish title by adverse possession. Marathon subsequently filed a motion for summary judgment which the trial court denied. A jury trial commenced at which Marathon moved for a directed verdict at the close of Colonial's case and at the close of all the evidence. The motion was denied and the jury found in favor of Colonial. Marathon appeals.

## ISSUES

Marathon raises the following issues for our review:

I. Whether the trial court erred in denying Marathon's motion for summary judgment.

II. Whether the evidence was sufficient to establish adverse possession.

III. Whether the trial court erred in refusing to give Marathon's tendered Instruction No. 1.

IV. Whether the trial court erred in denying Marathon's motion for directed verdict.

## DISCUSSION AND DECISION

*Issue I:* Summary Judgment

■ Disposition of a case by summary judgment is appropriate only when no gen-

---

1. The record does not reflect that The Colonial Corporation was related in any way to either Colonial Motel Properties or United Family Properties, appellees in this case.

uine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C). In reviewing the propriety of a summary judgment, we apply the same standard as the trial court. *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, *trans. denied.* We resolve any doubt against the proponent of the motion, taking all facts properly asserted by the party opposing the motion as true. *Id.* The proponent bears the burden of establishing the propriety of the motion. *Kidd v. Davis* (1985), Ind.App., 485 N.E.2d 156.

Marathon first contends the trial court erred in denying its motion to strike Colonial's affidavits because Colonial did not submit its affidavits prior to the summary judgment hearing as required by T.R. 56(C). At the hearing, Colonial explained to the court that it was having difficulty collecting its affidavits because its witnesses were located in several areas of the United States. In fact, Colonial received one affidavit on the morning of the hearing. Colonial requested a continuance to avoid any technical problems posed by T.R. 56 and to allow Marathon an opportunity to review the affidavits. When asked if it needed additional time to review the affidavits, Marathon responded that a continuance would not be necessary.

■ The timing requirements of T.R. 56 are intended to prevent surprise resulting from the last minute filing of affidavits and other materials. Trial Rule 56(F) allows for a possible continuance in the event the party opposing the motion experiences some difficulty in obtaining its affidavits. *Larr v. Wolf* (1983), Ind.App., 451 N.E.2d 664, *trans. denied.* A continuance was discussed, but Marathon assured the trial court it did not need additional time to review the affidavits. Thus, submission of the affidavits did not carry the element of surprise as contemplated by T.R. 56. Under these circumstances, the trial court properly denied Marathon's motion to strike Colonial's affidavits.

■ Marathon also contends Colonial's motion in opposition to its motion for summary judgment was insufficient to estab-

lish the existence of a genuine issue of material fact. Specifically, Marathon argues that Colonial's motion merely referred to the parties' prior pleadings on file with the trial court without incorporating those materials into its motion. The rule does not require such incorporation and Marathon has not provided any authority to support its proposition.

■ Marathon further contends that any use of Colonial's memorandum submitted in support of its motion in opposition to Marathon's motion for summary judgment was improper. Marathon is correct in pointing out that in ruling on a motion for summary judgment, a trial court may not rely on briefs submitted by the parties. *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130. Rather, the court is constrained to rely on the pleadings, depositions, answers to interrogatories, admissions on file, affidavits and testimony. *Id.;* T.R. 56(C). There is nothing in the record to indicate the trial court relied on documents not constituting summary judgment materials. In the absence of such evidence, we presume the trial court acted correctly. *Abels v. Monroe County Educ. Ass'n* (1986), Ind.App., 489 N.E.2d 533, *cert. denied* 480 U.S. 905, 107 S.Ct. 1347, 94 L.Ed.2d 518.

■ In arguing the alleged deficiencies in Colonial's defense to the summary judgment motion, Marathon cites *Pike County v. State ex rel Hardin* (1984), Ind.App., 469 N.E.2d 1188, for the proposition that: "An adverse party to a Motion for Summary Judgment may not rest upon the mere allegations in his pleadings *once the [movant] has shown himself entitled to summary judgment,* but his response by affidavit or otherwise must set forth specific facts showing there is a genuine issue for trial." *Appellant's Brief* at 32 (our emphasis). Through its statement, Marathon itself admits that the moving party has the burden of demonstrating the propriety of summary judgment even if the opposing party does not file additional material. *See Wallace v. Indiana Ins. Co.* (1981), Ind.App., 428 N.E.2d 1361, 1365 ("the failure of the nonmoving party to oppose the motion by

counter-affidavits does not entitle the movant to summary judgment. The moving party must still demonstrate that summary judgment is appropriate.''). Marathon has failed to carry its burden.

■ Marathon based its summary judgment motion on the contention that use of the disputed tract by Colonial's customers is insufficient as a matter of law to entitle Colonial to adverse possession. To support its position, Marathon cites this court's decision in *Greenco, Inc. v. May* (1987), Ind. App., 506 N.E.2d 42. In *Greenco,* plaintiff May owned a restaurant on a tract bordering Greenco's parking lot. Greenco customers, restaurant customers, and members of the general public routinely parked in Greenco's parking lot. May had the lot leveled and graded, but like the owners preceding her, she did not claim exclusive rights for her customers to park in the lot. This court reversed the trial court's finding of a prescriptive easement because: ''Members of the general public cannot, by routine and regular use, create a prescriptive easement on behalf of a landholder; rather, it is ... the owner in fee, who must establish that she and her successors in interest have met the elements of a prescriptive easement.'' [2]

Contrary to Marathon's assertion, the *Greenco* case does not preclude Colonial's claim to adverse possession as a matter of law. In *Greenco,* this court found it dispositive that neither plaintiff May nor any of the previous owners of the restaurant claimed a right to use the parking lot. This court also noted that customers of both May and Greenco used the lot in addition to members of the general public. The opposite is true in the present case. From the outset, Colonial has claimed, by way of a posted sign, that the parking lot was for

use by its customers only. It employed a security guard to ensure that all trucks in the lot were properly registered with the motel. Any non-customer trucks found parked in the lot were asked to leave. These facts were contained in depositions presented to the trial court in connection with Marathon's summary judgment motion. The court had before it evidence of sufficient action by the landowner to create a question of fact as to whether Colonial acquired title by adverse possession. The trial court properly denied Marathon's motion for summary judgment.

*Issue II:* Sufficiency of the Evidence

■ When reviewing a claim of insufficient evidence, this court will neither reweigh the evidence nor judge the credibility of the witnesses. *Communication Workers of America Local 5900 v. Bridgett* (1987), Ind.App., 512 N.E.2d 195. We will view only the evidence supporting the judgment. *Id.* The jury's verdict will be upheld if it is supported by substantial evidence of probative value to establish each material element of the claim. *Royer v. Pryor* (1981), Ind.App., 427 N.E.2d 1112, *trans. denied.*

■ To establish the acquisition of title by adverse possession, Colonial must demonstrate its possession of the disputed tract was open, continuous, exclusive, adverse, and notorious for 10 years. *McCarty v. Sheets, supra; Connors v. Augustine, supra.* Once these elements are established, fee simple title to the disputed tract is conferred on the possessor by operation of law thereby extinguishing title in the original owner. *Echterling v. Kalvaitis* (1955), 235 Ind. 141, 126 N.E.2d 573.

Marathon bases its argument relating to the sufficiency of the evidence on the prop-

**2.** We note that *Greenco,* unlike the present case, involved a prescriptive easement. With the exception of the limitations period, the elements necessary to establish a prescriptive easement are essentially the same as the elements required to demonstrate adverse possession. *Compare Jochem v. Kerstiens* (1986), Ind.App., 498 N.E.2d 1241, 1244 (''In order to establish a prescriptive easement, the burden of proof is upon the party asserting the easement ... to show actual, open, notorious, continuous, unin-

terrupted, adverse use'' which continues for 20 years (citation omitted)) *with McCarty v. Sheets* (1981), Ind., 423 N.E.2d 297, 300 (''[Adverse] possession is established by the open, continuous, exclusive, adverse and notorious possession of property for the statutory period'') *and Connors v. Augustine* (1980), Ind.App., 407 N.E.2d 1186, 1188, *trans. denied* (''The statute of limitations for the recovery of land in Indiana is ten years''). For this reason, the principles enunciated in *Greenco* are applicable to the case at bar.

osition that Colonial should be held to a different standard of proof. Specifically, Marathon argues that a grantor, or one in privity with him, is required to present stronger proof of adverse possession as against a grantee. Marathon cites *Fort Wayne Smelting and Refining Works v. City of Fort Wayne* (1938), 214 Ind. 454, 14 N.E.2d 556, wherein the parties claimed the same grantor deeded them the same two acres of land. In the present case, the grantor did not deed the same tract of land to both Colonial and Marathon. Rather, Colonial's deed explicitly stated that its acreage did *not* include the property previously conveyed to Marathon. Furthermore, there is no evidence in the record to support Marathon's contention that Colonial was in privity with The Colonial Corporation. Marathon's argument that Colonial be required to produce stronger proof of adverse possession must therefore fail.

Marathon also presents a related argument that since Colonial and the Colonial Corporation were in privity, the grantor remained in possession of the land granted to Marathon.[3] In such cases, Marathon argues, the law will presume that Colonial's "continued possession" was with Marathon's permission. As we have stated, Colonial and The Colonial Corporation were not in privity. Accordingly, the presumption articulated by Marathon is not applicable to this case and its argument that Colonial presented insufficient evidence to rebut that presumption is without merit.

Marathon finally contends that a letter written by an attorney who once represented the Perrys established that Colonial's use of the disputed tract was permissive rather than hostile.[4] The letter stated Colonial was not claiming adverse possession to the disputed tract and it wanted to continue to use the property with Marathon's permission. The letter is

dated July 15, 1986, 18 years following the Perry's 1968 acquisition of their land and the beginning of their use of the disputed tract owned by Marathon. Once the Perrys satisfied the elements of adverse possession for the statutory period, title to the disputed tract vested in them by operation of law. *Echterling v. Kalvaitis, supra.* The statements made regarding their position in 1986, with or without authority, do not divest them of their title earned by adverse possession. *See Kline v. Kramer* (1979), 179 Ind.App. 592, 597, 386 N.E.2d 982, 987 ("Indiana courts have held that once title vests in a party at the conclusion of the ten year possessory period, the title is not lost, abandoned, or forfeited even though the party ... [states] that he does not claim the land and offers to buy it.").

The evidence elicited at trial established that the Perrys acted as sole owners of the disputed tract. Beginning in 1968, they provided routine maintenance of the land, directed their patrons to park in the lot, ousted non-patrons, maintained a registration system and employed a security guard to patrol the area. All of these activities were clearly visible from Marathon's property. There was sufficient evidence to support Colonial's claim of adverse possession.

*Issue III:* Jury Instructions

Marathon contends the trial court erred in refusing to give its Tendered Instruction No. 1. When reviewing a trial court's refusal of a tendered instruction, this court considers: (1) whether the tendered instruction correctly states the law; (2) whether the evidence in the record supports giving the instruction; and (3) whether the substance of the instruction is covered by other instructions which are given.

3. Marathon fluctuates in its argument concerning the term "common grantor." We recognize that The Colonial Corporation initially conveyed both tracts of land and is therefore a common grantor of the parties' land. Marathon is mistaken, however, in its claim that The Colonial Corporation and Colonial constitute a common grantor. As we have stated several times, the two are separate, unrelated entities and, therefore, are not considered a common grantor.

4. We note the parties presented conflicting evidence regarding whether the attorney had the authority, actual or implied, to write the letter on the Perry's behalf. Whether the attorney had the necessary authority, however, is not dispositive of the issue.

K–Mart Corp. v. Brzezinski (1989), Ind. App., 540 N.E.2d 1276.

 Marathon tendered the following instruction:

> Members of the general public cannot, by routine and regular use, confer adverse possession rights on Colonial.

Record at 179 (citing Greenco, supra). While this instruction correctly states the law, the evidence in the record does not support giving the instruction.

The trial court correctly distinguished Greenco from the present case. In Greenco, the term "general public" was used to distinguish between customers and non-customers. Members of the general public denoted non-customers who parked in the Greenco lot of their own free will. In the present case, only Colonial patrons were permitted to park in the disputed tract pursuant to the direction of the Perrys who went to great lengths to have exclusive use of the lot. As the trial court noted, this case does not involve use by the "general public" in the generic sense of the term. On this basis, the trial court properly refused to give Marathon's Tendered Instruction No. 1.

*Issue IV:* Directed Verdict

 In reviewing a trial court's ruling on a directed verdict or judgment on the evidence, this court considers the evidence most favorable to the nonmoving party together with all reasonable inferences to be drawn therefrom. *Hall–Hottel Co. v. Oxford Square Co–Op., Inc.* (1983), Ind.App., 446 N.E.2d 25, *trans. denied.* We must determine whether any evidence exists to support each element of a claim which would justify submission of the case to the jury. *Id.* In reviewing the trial court's ruling, we are bound by the same standards which govern the trial court's decision in the first instance. *Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, *trans. denied.*

 Marathon argues, as it did in its sufficiency of the evidence claim, that Colonial failed to rebut a presumption that its use of the disputed tract was permissive. As we have stated, this presumption is inapplicable to the case at bar. Colonial presented sufficient evidence of its use of the disputed tract to raise a reasonable inference that its use was open, continuous, exclusive, adverse, and notorious for ten years. The trial court properly denied Marathon's motions for directed verdict and submitted the case to the jury.

Judgment affirmed.

RATLIFF, C.J., and SULLIVAN, J., concur.