Howard A. OELLING and Margaret
Oelling, Appellants–Plaintiffs,

v.

Satya M. RAO, M.D.; Jorge J. Martinez, M.D.; Cardiovascular Consultants, P.C., Inc.; and St. Catherine Hospital, Appellees–Defendants.

No. 46A05–9108–CV–251.

Court of Appeals of Indiana,
Fifth District.

Dec. 24, 1991.

Publication Ordered Jan. 22, 1992.

Glenn J. Tabor, Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants-plaintiffs.

David C. Jensen, Douglas B. Stebbins, Eichhorn, Eichhorn & Link, Hammond, for appellees-defendants.

BARTEAU, Judge.

Plaintiffs Howard and Margaret Oelling (Oellings) appeal from an adverse grant of summary judgment in a medical malpractice action they instituted against Defendants Satya M. Rao, M.D., Jorge J. Martinez, M.D. and Cardiovascular Consultants P.C., Inc. (Defendants). We affirm.

## STANDARD OF REVIEW

█ Summary judgment is appropriate when no genuine controversy exists. *Young v. City of Franklin* (1986), Ind., 494 N.E.2d 316, *reh'g denied; Central Realty v. Hillman's Equipment* (1969), 253 Ind. 48, 246 N.E.2d 383. A party seeking summary judgment bears the burden of establishing that no genuine issue as to any material fact exists. If there is a doubt as to a fact or any inference which could be drawn therefrom, the decision on the motion for summary judgment must favor the opposing party. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181. Issues of negligence are not ordinarily susceptible to summary adjudication. *Stapinski v. Walsh Construction Co.* (1979), 272 Ind. 6, 395 N.E.2d 1251. However, when the controversy involves medical malpractice, expert testimony establishing that the performance of the medical professional fell below the requisite standard of care is generally necessary to establish a prima facie case. *Stumph v. Foster* (1988), Ind.App., 524 N.E.2d 812, *reh'g denied.* Only where a medical professional's conduct is understandable by a jury without extensive technical input is expert testimony unnecessary to establish the appropriate standard of care. *Burke v. Capello* (1988), Ind., 520 N.E.2d 439.

## DISCUSSION

█ In support of their Motion for Summary Judgment, Defendants included the opinion of the medical review panel which unanimously determined that Defendants did not fail to comply with the appropriate standard of care. Once the party moving for summary judgment demonstrates a prima facie showing that the controversy lacks a genuine issue of material fact, the nonmoving party may not rest on mere allegations or denial, but must come forward with sufficient evidence to controvert the moving party's assertion that no factual issue exists. *Majd Pour v. Basic Am. Medical, Inc.* (1990), Ind.App., 555 N.E.2d 155, *reh'g denied.* The favorable medical review panel opinion demonstrated, on a prima facie level, that the controversy lacked a material factual issue. Thus, it became incumbent upon Oellings to come forward with evidence to controvert the opinion of the medical review panel. *Id.*

"In the context of medical negligence, a plaintiff must establish by a preponderance of the evidence (1) the standard of care owed the patient, (2) a breach of that standard, and (3) that the plaintiff suffered a compensable injury proximately caused by the defendant's breach of the standard." *Planned Parenthood of Northwest Indiana v. Vines* (1989), Ind.App., 543 N.E.2d 654, 660, *trans. denied.* "In Indiana, an expert witness may not testify as to the standard of care unless the record shows that the witness is familiar with the standard of care in the same or similar locality as the one in which the complained of services were performed." *Wilson v.*

*Sligar* (1987), Ind.App., 516 N.E.2d 1099, 1101, *trans. denied.*

At the hearing on the Motion for Summary Judgment, Defendants contended that Oellings had failed to controvert the opinion of the medical review panel and thus failed to controvert the prima facie showing of lack of a material factual issue. The trial court concurred, holding essentially that Oellings failed to establish that their expert, Dr. Steven Meister, was "familiar with the standard of care in the same or similar locality as the one in which the complained of services were performed" and that Oellings failed to show "that the medical facilities and conditions in Porter County are so irrelevant that a national standard of care should be applied."

On the day of the hearing, Oellings filed the affidavit of Dr. Steven Meister, which reads in its entirety as follows:

Comes now STEVEN G. MEISTER, M.D., being first sworn upon his oath, deposes and says:

1. That I am certified by the American Board of Internal Medicine in the speciality of Cardiology.

2. That I am duly licensed to practice medicine in the states of Pennsylvania and Massachusetts.

3. That I have personal knowledge of the medical condition of plaintiff, HOWARD A. OELLING, both prior to, including and after December 17, 1986.

4. It is my opinion that the cardiac catheterization performed on HOWARD A. OELLING by DR. SATYA RAO on 12/6/86 at St. Catherine's Hospital was not indicated and unnecessary. Specifically, MR. OELLING had three episodes of chest discomfort during the several weeks preceding this catheterization. This discomfort was lancinating in nature and not characteristic of angina pectoris or ischemic heart disease. I do consider that it was appropriate to obtain a stress thallium study. However, when that stress thallium study revealed ischemia only in the distribution of the previously occluded right coronary artery with none in the distribution of the left coronary system, there was no need to perform cardiac catheterization in my opinion. Had the cardiac catheterization not been performed, the complications that actually occurred would not have done so and MR. OELLING would not have had to have cardiac surgery to correct the complications.

FURTHER, your affiant sayeth not.
STEVEN G. MEISTER, M.D.

■ The affidavit is insufficient to defeat the Motion for Summary Judgment for two reasons: (1) Dr. Meister was not qualified to provide on opinion on the appropriate standard of care, and (2) even if Dr. Meister had been qualified, the affidavit was filed the day of the hearing and thus should not have been considered by the trial court.

■ (1) Trial Rule 56(E) requires affidavits to show that the affiant is competent to testify and affidavits which do not contain such a showing should be disregarded in determining whether summary judgment is appropriate. *Ellis v. Smith* (1988), Ind. App., 528 N.E.2d 826, *reh'g denied.* Dr. Meister's opinion is inadmissible because he is not competent to qualify as an expert medical witness. "An expert medical witness may not testify to the standard of care unless the record shows that the witness is familiar with [the] standard of care in the same or similar locality as the one in which the complained of services were performed, or that the witness is testifying as to certain minimal standards of care that are uniform throughout the country for that particular practice." *Id.* at 829 (citing *Wilson v. Sligar, supra*). Dr. Meister's affidavit contained no indication of his familiarity with either a local or national standard of care and thus should not have been considered by the trial court. In order to defeat the Motion for Summary Judgment, it was necessary for the Oellings to establish through a properly qualified expert medical witness, by affidavit or otherwise, that there was a deviation from the appropriate standard of care. Without the affidavit of Dr. Meister, no evidence to this effect was presented and thus summary judgment was appropriate.

Oellings urge us to dispense with the current requirement that expert witnesses demonstrate familiarity with local standards of care. Even if we were so inclined, as an intermediate appellate court we lack that authority. Furthermore, Dr. Meister's affidavit does not state his familiarity with a national standard of care and would thus be inadequate to avoid summary judgment in the absence of the locality rule.

(2) Additionally, even if the affidavit had contained the requisite information, it would have been inadmissible. Indiana Rules of Trial Procedure, Trial Rule 56(C) provides that "the adverse party prior to the day of the hearing may serve opposing affidavits." Failure to file an affidavit prior to the day of hearing precludes consideration of the affidavit by the trial court. *Ellis v. Smith, supra; Larr v. Wolf* (1983), Ind.App., 451 N.E.2d 664. Because Dr. Meister's affidavit was filed the day of the hearing, it should not have been considered by the trial court.

Along with their motion to correct error, Oellings filed a supplemental affidavit by Dr. Meister which indicated his familiarity with the national standards of care for cardiologists and his belief that those standards did not differ from the standards in northwest Indiana. At the hearing on the motion to correct error, Oellings urged the second affidavit was newly discovered evidence because, until the decision of the trial court was handed down, they didn't realize how much emphasize the court would place on the locality rule. A recent discovery by a party that certain evidence was pertinent does not amount to newly discovered evidence. Thus, the second affidavit was not newly discovered evidence.

Oellings also argue that the second affidavit was merely supplemental, and thus permissible under Trial Rule 56(E), which provides that the court may permit supplementation of affidavits. However, T.R. 56(E) has been interpreted to require that "affidavits must first be timely filed before they can be later supplemented." *Larr v. Wolf, supra* at 666.

The trial court correctly determined that Oellings failed to present competent evidence in contravention of the opinion of the medical review panel submitted by Defendants. As such, Defendants' prima facie showing that no material factual issue existed was unrebutted, making the trial court's grant of summary judgment appropriate.

AFFIRMED.

SHARPNACK and RUCKER, JJ., concur.