Howard A. OELLING and Margaret
Oelling, Appellants (Plaintiffs
Below),

v.

Satya M. RAO, M.D.; Jorge J. Martinez,
M.D.; and Cardiovascular Consultants,
P.C., Inc., Appellees (Defendants Be-
low).

No. 46S05–9206–CV–437.

Supreme Court of Indiana.

June 8, 1992.

Glenn J. Tabor and Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants.

David C. Jensen and Douglas B. Stebbins, Eichorn, Eichorn & Link, Hammond, for appellees.

SHEPARD, Chief Justice.

Howard and Margaret Oelling appealed the trial court's grant of defendants' motion for summary judgment in their medical malpractice action against Dr. Satya M. Rao, Dr. Jorge J. Martinez, and Cardiovascular Consultants, P.C., Inc. The Court of Appeals affirmed, holding that the affidavit submitted by appellants was insufficient because it failed to state that the affiant was familiar with the local standard of care. *Oelling v. Rao*, 585 N.E.2d 273 (Ind. App.1991). We grant transfer and affirm.

■ Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). The burden is on the moving party to prove the nonexistence of a genuine issue of material fact; if there is any doubt, the motion should be resolved in favor of the party opposing the motion. Once the movant has sustained this burden, however, the opponent may not rest upon the mere allegations or denials in his pleadings, but must respond by setting forth specific facts showing that there is a genuine issue for trial. T.R. 56(E).

■ On appeal from a summary judgment, the appellate court faces the same issues, which we analyze in the same way as a trial court does. *Dept. of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Id.* Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having his day in court. *Id.*

■ In a medical malpractice action based upon negligence the plaintiff must establish, "(1) a duty on the part of the defendant in relation to the plaintiff; (2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure." *Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 441 (quoting *Miller v. Griesel* (1974), 261 Ind. 604, 611, 308 N.E.2d 701, 706). In support of the motion for summary judgment, Dr. Rao submitted the opinion of the medical review panel. It had determined that the defendants did not fail to comply with the standard of care. This was sufficient to satisfy their burden of showing no genuine issue of material fact; without a breach of the standard of care, the defendants would be entitled to judgment as a matter of law.

■ It was then up to the Oellings to respond by presenting specific facts which showed a genuine issue for trial. They attempted to do this by presenting the affidavit of Dr. Steven Meister. This affidavit failed to satisfy their burden. To refute the defendants' evidence, the affidavit needed to set out the applicable standard of care and a statement that the treatment in question fell below that standard. *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202. Dr. Meister's affidavit states only that *he* would have treated Mr. Oell-

ing differently, not that Dr. Rao's treatment fell below the applicable standard.[1]

 Our holding today in *Vergara v. Doan*, 593 N.E.2d 185 (Ind.1992) does not compel a different outcome. The new standard, that a physician must exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belongs, acting under the same or similar circumstances, is slightly different from the modified locality rule which Indiana has been using. It still requires expert testimony, however, about what other reasonable doctors similarly situated would have done under the circumstances. Because Dr. Meister's affidavit fails to set out any standard at all, it is insufficient to raise a material issue of fact as to whether the defendants' conduct fell below that which was reasonable under the circumstances.

Because the Court of Appeals affirmed the trial court based on the failure of Dr. Meister's affidavit to set out the standard of care in the same or similar localities, we grant transfer and vacate their opinion. Because doctors' motion for summary judgment should have been granted, however, we affirm the judgment of the trial court.

KRAHULIK, J., concurs.

GIVAN, J., concurs in result, believing that the trial court should be affirmed under either standard.

DICKSON, J., dissents with separate opinion, in which DeBRULER, J., concurs.

---

1. Along with their motion to correct error, the Oellings filed a supplemental affidavit from Dr. Meister which stated that he was familiar with the national standard of care, that he did not feel the standards in northwest Indiana were different from the national standard, and that he believed Dr. Rao's conduct to have fallen below that standard. Record at 9. Appellants argue this second affidavit was admissible as newly discovered evidence under Ind.Trial Rule 59(A)(1). We do not consider Dr. Meister's knowledge of the standard of care to be "newly discovered material evidence ... which, with reasonable diligence, could not have been discovered" prior to the court's ruling on the summary judgment motion. T.R. 59(A)(1).

1. In alleging professional negligence, the plaintiffs' complaint asserted that the defendant phy-

**DICKSON, Justice, dissenting.**

The party moving for summary judgment must shoulder the burden of establishing the lack of a material factual issue. *Cowe v. Forum Group Inc.* (1991), Ind., 575 N.E.2d 630; *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723; *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138. The opposing party's obligation to disgorge evidence demonstrating the existence of a genuine triable issue does not arise until after the movant has shown himself entitled to summary judgment. *Cowe; Marathon Petroleum v. Colonial Motel* (1990), Ind.App., 550 N.E.2d 778.

As proponent of summary judgment here, the defendant physicians asserted the determinative issue of material fact to be whether they violated the applicable standard of care. Record at 36. To support their motion for summary judgment, the defendants submitted the following opinion of the medical review panel:

> That the evidence does *not* support the conclusion that the defendants failed to comply with the standard of care as charged in the complaint.[1]

Record at 43–45 (emphasis in original). Submitted with the motion for summary judgment were separate copies of the written opinion, each purporting to be signed by a physician member of the panel.[2] No information was provided regarding the panel member's area of medical specialty

---

sicians "failed to exercise that degree of care or skill and further failed to demonstrate possession of the degree of knowledge ordinarily exercised or possessed by others of their profession and specialty and responsibility." Record at 14.

2. The medical review panel opinion copies submitted by the defendant physicians were not affidavits or otherwise authenticated. However, the separate motion for summary judgment filed by defendant St. Catherine Hospital placed before the Court the same medical review panel opinions authenticated by a separate affidavit of the chairman of the review panel. The hospital was voluntarily dismissed by the plaintiffs before the trial court ruled on the motion to correct errors.

or locale of practice.[3] The medical review panel opinion does not provide any information regarding what other reasonable doctors similarly situated would have done under the circumstances.

In opposing the motion for summary judgment, the plaintiffs submitted the affidavit of Steven G. Meister, M.D., licensed to practice medicine in Pennsylvania and Massachusetts and certified by the American Board of Internal Medicine in the speciality of Cardiology. Dr. Meister's affidavit states, in pertinent part:

> It is my opinion that the cardiac catheterization performed on HOWARD A. OELLING by DR. SATYA RAO on 12/16/86 at St. Catherine's Hospital was not indicated and unnecessary.... [W]hen the stress thallium study revealed ischemia only in the distribution of the previously occluded right coronary artery with none in the distribution of the left coronary system, there was no need to perform cardiac catheritzation in my opinion. Had the cardiac catheterization not been performed, the complications that actually occurred would not have done so and MR. OELLING would not have had to have cardiac surgery to correct the complications.

Record at 75. Contrary to the characterization given by the majority, Dr. Meister's affidavit does more than merely state that *he* would have treated Mr. Oelling differently.

The majority opinion here affirms the summary judgment because it finds that the affidavit of the plaintiffs' expert witness failed to describe what other reasonable doctors similarly situated would have done under similar circumstances, or to otherwise set out the standard of care in the same or similar localities. I disagree. The differences between the opposing expert opinions are not sufficient to warrant finding one adequate and the other insufficient. While the opinion of a medical review panel is admissible, "such expert opinion shall not be conclusive." Ind.Code § 16-9.5-9-9.

In the review of summary judgment, the appellate tribunal must apply the same standard as the trial court, and any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corporation v. Waltz* (1991), Ind., 574 N.E.2d 913. I cannot agree with the majority's view that the defendants' expert opinion is adequate to establish the non-existence of a genuine issue of material fact, but that the plaintiffs' expert opinion is insufficient to establish the contrary. If the majority faults the plaintiffs because Dr. Meister's "affidavit fails to set out any standard at all," the panel opinion presented by the defendants to support their motion for summary judgment must be found equally deficient.

When confronted with a related question, this Court recently declared:

> The trial court was in error in finding that there was no genuine issue of fact to be submitted for trial. The inference of breach of duty confronts medical opinion of no breach of duty. Justice thus requires a trial.

*Burke v. Capello* (1988), Ind., 520 N.E.2d 439, 442. The same result is appropriate in resolving the issue presented by the conflicting expertise in the present case.

DeBRULER, J., concurs.

**3.** Under Indiana law, actions against health care providers are generally prohibited until after the proposed complaint has been presented to a medical review panel and an opinion rendered by the panel. Ind.Code § 16-9.5-9-2. The opinion is provided by panel members who are themselves health care providers, as defined in Ind.Code § 16-9.5-1-1, and hold a license to practice in their profession, Ind.Code § 16-9.5-9-3(b)(1).