**Clifton HUPP, Appellant–Plaintiff,**

v.

**CANAL INSURANCE COMPANY, Appellee–Defendant.**

No. 47A04–9409–CV–365.

Court of Appeals of Indiana.

Aug. 28, 1995.

Rehearing Denied Nov. 9, 1995.

John C. Haury, Haury & Hall, Bedford, for appellant.

David L. Ferguson, Ferguson Ferguson & Lloyd, Bloomington, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, Clifton Hupp ("Hupp"), appeals the trial court's grant of summary judgment in favor of appellee-defendant, Canal Insurance Co. ("Canal"). We affirm.

### Issue

Hupp presents two issues for review, which we consolidate and restate as follows: whether the insurance policy obligated Canal to provide uninsured/underinsured motorist ("UM/UIM") coverage in an amount equal to the policy's limit of liability for bodily injury coverage.

### Facts and Procedural History

On January 10, 1991, Hupp was involved in an accident while driving a vehicle owned by his employer. The other party to the accident was uninsured. At the time of the accident, Canal had issued an insurance policy covering the vehicle Hupp was driving. The policy, first issued in 1986 and regularly renewed thereafter, provided UM/UIM coverage in the amounts of $25,000 for bodily injury, $50,000 per occurrence, and $10,000 for property damage ("25/50/10").

Hupp filed a complaint seeking a declaratory judgment that the insurance policy provided UM/UIM coverage in the amount of $750,000, which was an amount equal to the policy's limit of liability for bodily injury. Both parties moved for summary judgment. The trial court granted judgment in favor of Canal, finding that the policy provided UM/ UIM coverage in the amount of 25/50/10. Hupp appeals.

### Discussion and Decision

■ Upon review of the grant or denial of a motion for summary judgment, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778. On review, we may not search the

entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh. denied, trans. denied.* The party appealing the trial court's grant of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Indiana Republican State Comm. v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981, *trans. denied.* The construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Selleck v. Westfield Ins.* (1993), Ind.App., 617 N.E.2d 968.

█ Hupp does not contend that the 1987 amendment to Indiana's uninsured motorist statute required Canal to offer UM/UIM coverage equal to the limit of liability for bodily injury. Hupp neither argued this issue to the trial court, nor raised it in this appeal. Arguably, IC 27–7–5–2, as amended, requires insurers to offer UM/UIM coverage equal to the limit of liability for bodily injury upon the first renewal of the policy after December 31, 1987. *United Farm Bureau Mut. Ins. Co. v. Lowe* (1991), Ind.App., 583 N.E.2d 164, *trans. denied* (Chezem, J., dissenting); *See also Millikan v. United States Fidelity and Guar. Co.* (1993), Ind.App., 619 N.E.2d 948, *reh. denied, trans. denied* (Garrard, J., dissenting). However, Hupp specifically states that this is not the issue he presents for review. Appellant's Brief at 8; Reply Brief at 1–2. As such, we will not address it, and proceed to address only the issue as presented by Hupp.

Hupp argues that it is the language of the insurance policy itself that obligated Canal to comply with IC 27–7–5–2 and offer UM/UIM coverage in an amount equal to policy's limit of liability for bodily injury. Hupp relies on the following provision contained in the policy:

---

In accordance with **Indiana Statute**, this policy will contain and you will be charged for uninsured and underinsured motorist bodily injury & property damage coverage with 25/50/10 limits unless you reject the coverage or elect higher limits. Please indicate your preference below:

| BODILY INJURY UNINSURED MOTORIST PROTECTION | PROPERTY DAMAGE UNINSURED MOTORIST PROTECTION |
|---|---|
| ☐ Reject ☐ 25/50 ☐ Other (Specify)_____<br>(Not to exceed BI Liability limits) | ☐ Reject ☐ $10,000 ☐ Other (Specify)_____<br>(Not to exceed PD Liability limits)<br>☐ No Deductible ☐ $300 Deductible |

---

Canal first issued its policy on January 16, 1986. When the policy was issued, IC 27–7–5–2 provided that an insurance policy issued in this state must provide UM/UIM coverage with minimum limits of 25/50/10. The statute also provided that the insured was to have the option to reject the UM/UIM coverage in its entirety, or to buy additional UM/UIM coverage up to the limit of liability for bodily injury. Thus, at the time Canal's policy was issued, it complied with IC 27–7–5–2 as that statute then existed.

Hupp contends, however, that because the policy provision contains the language "In accordance with Indiana Statute," Canal obligated itself to comply with IC 27–7–5–2 as it may exist at any time in the future. Hupp's contention arises from his reading of the language to mean that Canal is *offering coverage* in accordance with Indiana Statute. We believe Hupp misreads the provision. The most logical reading of the provision, in light of IC 27–7–5–2 as it existed at the time, is that Canal is offering *UM/UIM protection* to the insured per its statutory obligation to do so.

█ When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract. *American Family Mut. Ins. Co. v. National Ins. Ass'n* (1991), Ind.App., 577 N.E.2d 969, *reh. denied.* In 1986, Canal was required by statute to offer UM/UIM coverage with minimum limits of 25/50/10. The policy issued recited Canal's statutory obligation and provided a manner in which the UM/UIM coverage may either have been increased or rejected. Canal elected UM/UIM coverage with 25/50/10 limits. During the entire life of the policy, premiums were

charged and paid for UM/UIM coverage with only 25/50/10 limits.

To construe the provision as Hupp suggests would be to hold that in 1986 Canal intended to bind itself to the dictates of a specific statute, IC 27–7–5–2, whatever the content of that statute may eventually become, and yet only charge the insured a rate based on 25/50/10 coverage. We decline to so construe the provision. When Canal issued the policy, it provided the required level of UM/UIM coverage in accordance with statute. Summary judgment was properly granted.

Affirmed.

RILEY and DARDEN, JJ., concurring.