# In the
# United States Court of Appeals
# For the Seventh Circuit

_____

No. 16-3544

DERICK L. BERRY,

*Plaintiff-Appellant*,

*v.*

WELLS FARGO BANK, N.A. & HSBC BANK USA, N.A., as Trustee for NOMURA PMSR NHELI Asset Backed Certificate Series 2006-AF1,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 5269 — **Virginia M. Kendall**, *Judge*.

_____

ARGUED JULY 6, 2017 — DECIDED AUGUST 1, 2017

_____

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. In 2006 the plaintiff, Derick Berry, had taken out a 30-year, fixed-rate mortgage of approximately $270,000 to pay for improvements to his Chicago home. He denies having missed any payments on the mortgage,

but nevertheless the mortgage was foreclosed later that year. He fought the foreclosure. The following year HSBC, as trustee of the mortgagee, took over the foreclosure suit against Berry. Years of protracted litigation in the Illinois state court system ensued, with Berry arguing that HSBC did not have the right to foreclose on his home, that he didn't know how much he owed and to whom, and that he should have received a loan modification. He contested a judicial sale of his home in 2010 that the Illinois court later set aside as premature. And he contended that HSBC had discriminated against him because of his race (Berry is African-American), thereby violating the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*

The final judicial sale of the mortgaged property took place in 2015, and while he argued that the defendants had violated Illinois's notice requirements for judicial sales, the state court disagreed. Shortly before the sale, Berry had filed the present, federal suit against both HSBC and Wells Fargo, his mortgage servicer (a company to which some borrowers pay their mortgage loan payments and which performs other services in connection with mortgages and mortgage-backed securities), accusing them of charging improper fees, misstating the amount he owed, and discriminating against him because of his race. He alleges that he had had difficulty obtaining information from them about what he owed and to whom, that they had not granted him a loan modification despite promising to do so, that his home had been sold prematurely in 2010, and that they had hounded him for payments that he says he did not owe.

His original federal complaint had made claims under the Fair Housing Act, the Equal Credit Opportunity Act, 15

U.S.C. §§ 1691 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1639, as well as a number of state statutory and common law claims including breach of contract, negligence, and consumer fraud, the basis of federal jurisdiction over those claims being the supplemental jurisdiction of the federal courts. The district court dismissed the federal claims as untimely and declined to exercise supplemental jurisdiction over the state law claims, but allowed Berry to file an amended complaint that realleged many of the same facts but also invoked the court's diversity jurisdiction and modified several of his state law claims. By the time Berry had amended his federal complaint, however, the state court had confirmed the sale of the home. The court having rendered a final judgment, the defendants moved to dismiss Berry's amended federal complaint on several grounds, including claim preclusion. The district judge obliged, ruling that the amended complaint raised "the same claims he presented to challenge the foreclosure in state court: his defaulted mortgage, subsequent attempts to obtain a modification, alleged failures in communication with Wells Fargo during those attempts, and disputes regarding payments and fees related to the mortgage and his subsequent default." Berry had even argued in state court, in an unsuccessful attempt to convince that court to defer to the pending federal litigation, that his federal lawsuit concerned the same "events and actions" as the state one. Because judgment had been entered in state court and the parties were the same or, in the case of Wells Fargo, in privity with a party (HSBC), claim preclusion applied; that is, the federal court would not reconsider claims of Berry's that the state court had rejected.

The district court allowed Berry to amend his complaint one last time. The amended complaint alleged most of the

same facts as his earlier complaints, but added a charge that security officers at the public-housing complex to which he'd moved after the loss of his home had searched his apartment unlawfully, though he did not name them as defendants. He added a state law claim for infliction of emotional distress but abandoned many of his other state law claims and his Equal Credit Opportunity Act claim, and having previously withdrawn his Truth in Lending Act claim his Fair Housing Act claim was his only remaining federal claim. The district court concluded that Berry's latest complaint "rehashe[d] the same arguments and facts that he already presented to the state court and this Court previously," and any new allegations still arose out of the "same set of operative facts" that the court already had reviewed. The district court concluded that Berry's claims were all claim-precluded, thus requiring dismissal—this time with prejudice—of his suit.

Berry argues that the district court erred by dismissing his suit on the basis of preclusion. Typically a defendant must specify claim preclusion as an affirmative defense in his answer, to be able to avail himself of it, then file a Rule 12(c) motion for judgment on the pleadings. But Berry's state-court filings gave the district court everything it needed in order to be able to rule on the defense, *Walczak v. Chicago Board of Education*, 739 F.3d 1013, 1016 n. 2 (7th Cir. 2014), and Berry presents no evidence that the district court neglected to consider regarding preclusion. See *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015).

Under Illinois law, claim preclusion bars a second lawsuit when (1) the first suit resulted in a final judgment on the merits rendered by a court of competent jurisdiction; (2) the two suits present the same causes of action; and (3) they

have the same parties or privies. The first and third elements are met. An order approving a foreclosure sale is a final judgment under Illinois law. See *EMC Mortgage Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012). HSBC, one of the two defendants here, was the plaintiff in the foreclosure suit. Wells Fargo was not a plaintiff in that suit, but its interests as the mortgage servicer are no different from those of HSBC, the legal representative of the mortgagee. "Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction." *R.G. Financial Corp. v. Vergara-Nuñez*, 446 F.3d 178, 187 (1st Cir. 2006). Berry gives no reason for believing this case atypical, so we conclude that there was privity between the two companies. See *Cooney v. Rossiter*, 986 N.E.2d 618, 625 (Ill. 2012).

The second element (the two suits present the same causes of action) has also been satisfied; "separate claims are considered the same cause of action for claim-preclusion purposes if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Walczak v. Chicago Board of Education*, *supra*, 739 F.3d at 1016–17. This includes both "claims actually litigated" and "those that could have been litigated." *Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013).

Berry argues that he had no chance to present in state court the matters advanced in his federal lawsuit. But he did present them in state court. His federal complaint and his state-court filings describe the same "group of operative facts," see *Rose v. Board of Election Comm'rs for the City of Chi-*

*cago*, 815 F.3d 372, 375 (7th Cir. 2016). He also argues that the state court wrongly rejected his motion for leave to file an affirmative defense under the Fair Housing Act without a detailed written explanation. But if he was dissatisfied with the state court's decision or justifications, his remedy was to appeal, not to start over with a new suit. In any event he can't avoid his previous concession that the two lawsuits describe the same "events and actions." See *Parungao v. Community Health Systems*, 858 F.3d 452, 458–59 (7th Cir. 2017).

Berry argues that claim preclusion should not apply because litigating his federal claims would not automatically nullify the foreclosure sale. See *Ross Advertising, Inc. v. Heartland Bank & Trust Co.*, 969 N.E.2d 966, 975 (Ill. App. 2012). But it would, because the federal claims are designed to change the outcome of the state court proceeding.

Berry alleges one set of facts in his second amended complaint that he did not allege in the state court: the search of his public-housing unit. But these allegations describe conduct by third parties unconnected to Wells Fargo or HSBC, and Berry doesn't argue that either defendant was responsible for those parties' actions. Thus although these specific allegations may form the basis for a claim that would not be precluded by the foreclosure judgment, they fail to state a claim against either named defendant.

AFFIRMED.