# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Eric P. Mains
Jeffersonville, Indiana

ATTORNEY FOR CITIBANK, N.A., AND SELECT PORTFOLIO SERVICING, INC.

Anthony M. Zelli
Dinsmore & Shohl LLP
Louisville, Kentucky

ATTORNEY FOR JPMORGAN CHASE BANK, N.A., AND CYNTHIA RILEY

Jeffrey P. McSherry
Bricker & Eckler LLP
Cincinnati, Ohio

ATTORNEYS FOR NELSON & FRANKENBERGER, P.C.

Michael A. Dorelli
Patrick A. Ziepolt
Hoover Hull Turner LLP
Indianapolis, Indiana

ATTORNEYS FOR BLACK KNIGHT INFOSERV, LLC, AND CHRISTINA ANNE SAURER

Thomas E. Mixdorf
Derek R. Molter
Ice Miller LLP
Indianapolis, Indiana

Fred O. Goldberg
Berger Singerman LLP

# IN THE
# COURT OF APPEALS OF INDIANA

Eric P. Mains,

*Appellant-Plaintiff,*

v.

Citibank, N.A. as Trustee for the WAMU Series 2007 HE-2 Trust; JPMorgan Chase Bank, N.A.; Nelson & Frankenberger, P.C.; Christina Anne Saurer; Jodi Sobotta; Select Portfolio Servicing, Inc.; Black Knight InfoServ, LLC; Gerner and Kearns Co., L.P.A.; Cynthia Riley; and Unknown John Does,

*Appellees-Defendants.*

September 24, 2019

Court of Appeals Case No. 18A-CT-3152

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No. 10C01-1804-CT-73

**Friedlander, Senior Judge.**

[1] Eric P. Mains appeals the trial court's dismissal of his amended complaint. We affirm in part, reverse in part, and remand.

[2] In 2006, Mains executed a mortgage with Washington Mutual (WaMu) for a house in Clark County, Indiana. WaMu closed in 2008, and the Federal

Deposit Insurance Corporation (FDIC) took control of WaMu's assets and liabilities, including the mortgage. Next, the FDIC assigned the mortgage to JPMorgan Chase Bank, N.A. (Chase), and Chase subsequently assigned the mortgage to Citibank, N.A. (Citibank). Chase continued to service the loan.

[3] Meanwhile, Mains experienced financial difficulties and defaulted on the mortgage. In April 2010, Citibank, through attorneys Nelson & Frankenberger, P.C. (N&F), filed a mortgage foreclosure action against Mains in the Clark Circuit Court.

[4] Mains disputed Citibank's foreclosure claim, contending that Citibank had failed to prove it had validly acquired an interest in the mortgage. The parties held an unsuccessful settlement conference, and Mains conducted discovery regarding Citibank's standing and right to foreclose. Citibank filed a motion for summary judgment, which the trial court granted on May 3, 2013. Mains appealed, arguing that Citibank was not a real party in interest and lacked standing to bring the mortgage foreclosure action. A panel of this Court issued a memorandum decision affirming the trial court's judgment. *Mains v. Citibank, NA*, No. 10A04-1309-MF-450 (Ind. Ct. App. August 4, 2014), *trans. denied*, (*Mains I*).

[5] Next, Mains filed suit in the United States District Court for the Southern District of Indiana against Citibank; Chase; Cynthia Riley (a former WaMu employee); Black Knight InfoServ, LLC (a computer software company) (Black Knight); N&F; and two other law firms not participating in this case. He

alleged the defendants had violated the federal Real Estate Settlement Procedures Act (RESPA), the federal Truth in Lending Act (TILA), the federal Fair Debt Collection Practices Act (FDCPA), the federal Racketeer Influenced and Corrupt Organizations Act (RICO), and Indiana Code sections 32-30-10.5-1 (2009) et seq. (which govern settlement conference in residential foreclosure cases). Mains also asserted claims under Indiana law for negligent or intentional infliction of emotional distress, negligent misrepresentation, fraud, and negligence.

[6] The federal district court dismissed Mains' complaint for lack of subject matter jurisdiction. Mains appealed to the United States Court of Appeals for the Seventh Circuit, arguing that he had recently discovered evidence of fraudulent behavior by the defendants, and he concluded his claims were not bound by the judgment in *Mains I*. The Seventh Circuit affirmed the dismissal of Mains' complaint, determining that the federal courts lacked jurisdiction over several of his federal claims, and the remainder of his federal claims were barred by the doctrine of issue preclusion. *Mains v. Citibank, NA*, 852 F.3d 669 (7th Cir. 2017), *cert. denied*. As for Mains' state law claims, the Seventh Circuit concluded it could not exercise supplemental jurisdiction over them and directed the district court to dismiss them without prejudice. *Id.*

[7] In June 2017, Chase notified Mains that Select Portfolio Servicing, Inc. (SPS), would replace Chase as the servicer of the mortgage.

[8] The current case began on April 17, 2018, when Mains sued Citibank, Chase, N&F, Black Knight, Riley, Christine Anne Saurer, Jodi Sobotta, SPS, and several John Does.[1] All of the defendants were involved in either the execution of Mains' mortgage, the reassignment of the mortgage, or the foreclosure case. Mains stated ten counts against various defendants, including violations of RESPA, TILA, Indiana Code sections 32-30-10.5-1 et seq., and the FDCPA. Mains also accused the defendants of negligence, negligent or intentional infliction of emotional distress, negligent misrepresentation, fraud, and civil conversion.

[9] Among other requested relief, Mains asked the trial court to issue a declaration that the judgment of foreclosure was void, grant him relief from the judgment of foreclosure, and award him monetary damages, punitive damages (including double or treble damages), repayment of costs and attorney's fees, equitable remedies including disgorgement and recoupment of unjust enrichment, preliminary injunctive relief, and a request for accounting.

[10] Mains filed an amended complaint on July 11, 2018, adding Gerner & Kearns Co., L.P.A. (G&K), as a defendant. G&K represented Citibank in the foreclosure action. Neither Sobotta nor G&K filed appearances in this case.

[11] On July 26, 2018, Riley filed a motion to dismiss Mains' amended complaint for lack of personal jurisdiction. Soon thereafter, Black Knight and Saurer

---

[1] Mains also sued Manley, Deas, and Kochalski, LLC, but later agreed to that firm's dismissal from the case.

jointly filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted.

[12]   Next, on July 30, 2018, Mains filed a verified motion for a temporary restraining order, asking the court to restrain the defendants from evicting him from his home while this case was pending. On July 31, 2018, Mains further filed a verified motion for a preliminary injunction, asking the trial court to enjoin the defendants from evicting him from his home while this case was pending.

[13]   Also, on July 31, 2018, Chase filed its own motion to dismiss, followed on August 2, 2018, by Citibank and SPS's joint motion to dismiss. On August 7, 2018, N&F also filed a motion to dismiss. All three motions asserted Mains' amended complaint should be dismissed because he had failed to state claims upon which relief could be granted.

[14]   Mains responded to each motion to dismiss, and Citibank and SPS responded to Mains' motion for a preliminary injunction. In addition, Black Knight and Saurer jointly filed a reply in support of their motion to dismiss.

[15]   On August 28, 2018, the trial court held oral argument on the motions to dismiss. The court declined to address Mains' verified motions for temporary restraining order and preliminary injunction. On October 3, 2018, the court issued findings of fact and conclusions thereon granting all defendants' motions to dismiss. The court dismissed Mains' amended complaint in its entirety. Mains filed a motion to correct error, to which several defendants filed

responses.  On November 28, 2018, the trial court denied Mains' motion to correct error.  This appeal followed.

## 1. Defendants Sobotta and G&K

We note that although the trial court dismissed Mains' amended complaint in its entirety, defendants Sobotta and G&K had not filed appearances, much less moved to dismiss Mains' claims against them.  In addition, none of the other defendants claimed authority to represent Sobotta and G&K.  Finally, the court's judgment does not discuss Mains' claims against Sobotta and G&K.  Indiana Rule 12 authorizes defendants to move for dismissal of a complaint, but the rule does not authorize a trial court to dismiss a complaint sua sponte over the plaintiff's objection.  As a result, the trial court lacked any basis to dismiss Mains' claims against those two defendants.  We must reverse the trial court's dismissal of Mains' complaint as to Sobotta and G&K and remand for further proceedings.  *See, e.g., State ex rel. Van Buskirk v. Wayne Twp.*, 418 N.E.2d 234 (Ind. Ct. App. 1981) (reversing trial court's sua sponte grant of summary judgment on an issue; neither defendant requested that relief).

## 2. Procedural Default

Next, the appellees argue that Mains has waived appellate review of his claims because his Appellant's Brief fails to comply with the Indiana Rules of Appellate Procedure.  Mains responds that he provided adequate citations to the record and authorities.

[18] Pro se litigants are held to the same legal standards as licensed attorneys, including complying with the Indiana Rules of Appellate Procedure (the Appellate Rules). *Basic v. Amouri*, 58 N.E.3d 980 (Ind. Ct. App. 2016). The purpose of the appellate rules, especially Appellate Rule 46 (which governs briefs), is to aid and expedite review, as well as to relieve appellate courts of the burden of searching the record and briefing the case. *Shepherd v. Truex*, 819 N.E.2d 457 (Ind. Ct. App. 2004). "We will not become an 'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Basic,* 58 N.E.3d at 984 (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*). While we prefer to decide issues on the merits, where an appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Id.*

[19] Appellate Rule 46(A)(8)(a) requires that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."

[20] Mains has filed a thirty-eight-page Appellant's Brief that includes a twenty-page argument section. He discusses the facts of the case in great detail in the argument section, and he also includes a discussion of foreclosure issues on a statewide and national basis, including mention of some of the appellees' involvement in other foreclosure cases and consent judgments.

[21] The primary, fundamental defect in Mains' brief is his failure to provide adequate citations to legal authorities. Mains has accused the appellees of violating a wide array of federal and state statues, as well as committing numerous torts. Further, during the trial court proceedings, the appellees presented defenses including lack of personal jurisdiction, res judicata, and standing, as well as responses to Mains' statutory and tort claims. On appeal, Mains has additionally accused the trial court of displaying bias against him.

[22] Despite the many complex issues Mains presents on appeal, his Appellant's Brief cites to only three appellate cases. In addition, he provides citations to only one statute and to the Indiana Code of Judicial Conduct. After careful review, we have determined that only one of Mains' claims, the claim that the defendants violated Indiana's statutes governing settlement conferences in residential foreclosure cases, is supported by adequate citation to authority. As for his remaining claims, we will not conduct research on Mains' behalf, and those claims are waived for failure to provide adequate citation to authority. *See Vandenburgh v. Vandenburgh*, 916 N.E.2d 723 (Ind. Ct. App. 2009) (claim waived for failure to cite adequate authority; appellant cited only two cases on child support claim, both addressing standard of review rather than the merits).

[23] In addition, Mains' appendix contains fundamental defects. "The purpose of an Appendix in civil appeals . . . is to present the Court with copies of only those parts of the Record on Appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A)(1). An Appellant's Appendix shall contain the chronological case summary and "pleadings and other

documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." App. R. 50(A)(2)(f).

[24] Mains' appendix does not include the chronological case summary. In addition, he did not include in his appendix any of the defendants' motions to dismiss or their responses to his motion to correct error, even though those documents are by any reasonable definition "necessary for resolution of the issues" presented in this appeal. *Id.* It is well established that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument," Appellate Rule 49(B), but the absence of those documents has hampered our review.[2]

## 3. Foreclosure Prevention Settlement Conference and Claim Preclusion

[25] We review de novo a trial court's grant or denial of a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6), giving no deference to the trial court's decision. *EngineAir, Inc. v. Centra Credit Union*, 107 N.E.3d 1061 (Ind. Ct. App. 2018). When reviewing a motion to dismiss for failure to state a claim, "this [C]ourt accepts as true the facts alleged in the complaint." *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (Ind. Ct. App. 2000) (quoting *Monks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App.

---

[2] The Appellees jointly filed an appendix containing those documents, but their filing does not mitigate Mains' failure to comply with the appellate rules.

1999), *trans. denied*).  Only well-pleaded material facts must be taken as admitted.  *Id*.  Under notice pleading, we review the granting of a motion to dismiss for failure to state a claim under a stringent standard and affirm the trial court's grant of the motion only when it is "apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances."  *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 135 (Ind. 2006) (quoting *McQueen v. Fayette Cty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*).

[26]     Indiana Code sections 32-30-10.5-1 et seq. govern foreclosure prevention agreements for residential mortgages.  The Indiana General Assembly determined:

> (b) The purpose of this chapter is to avoid unnecessary foreclosures of residential properties and thereby provide stability to Indiana" statewide and local economies by:
>
> (1) requiring early contact and communications among creditors, their authorized agents, and debtors in order to engage in negotiations that could avoid foreclosure; and
>
> (2) facilitating the modification of residential mortgages in appropriate circumstances.

Ind. Code § 32-30-10.5-1.

[27]     As a result, the General Assembly required creditors who file foreclosure actions after June 30, 2009, to notify debtors that they have the right to request a settlement conference (except in certain circumstances not at issue here).  Ind.

Code § 32-30-10.5-8 (2009). If a debtor requests a settlement conference, and the court determines a conference is required, then the "court may not issue a judgment of foreclosure" unless the conference is held and the parties cannot reach agreement. Ind. Code § 32-30-10.5-9 (2009). If a settlement conference is scheduled, the creditor must be represented during the conference by a person who is authorized to negotiate a foreclosure prevention agreement. Ind. Code § 32-30-10.5-10 (2009).

[28] There is no dispute that Mains requested a settlement conference in *Mains I* after Citibank filed the foreclosure case. There is also no dispute that a settlement conference was held in *Mains I*, but the attendees failed to reach an agreement. Mains instead argued in his amended complaint in the current case that the settlement conference, and by extension the judgment of foreclosure, were invalid. He claimed the assignment of the mortgage to Citibank was fraudulent, and thus neither Citibank nor Chase had any authority to negotiate a foreclosure prevention agreement with him during the foreclosure case.

[29] The appellees argue Mains' claim under the foreclosure prevention agreement statutes is barred by res judicata. We agree, determining the doctrine of claim preclusion applies here. A panel of this Court has explained:

> The doctrine of res judicata acts to prevent repetitious litigation of disputes that are essentially the same. The principle of res judicata is divided into two branches: claim preclusion and issue preclusion.

The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Angelopolous v. Angelopolous*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied* (citations omitted).

[30] The *Mains I* trial court was a court of competent jurisdiction and rendered a judgment on the merits of the foreclosure claim. In addition, Chase and Citibank are the only defendants to which Mains' foreclosure prevention agreement statute claim rationally applies. Citibank was a party to *Mains I*, and Chase, as the loan servicer, was Citibank's privy. *See, e.g., Berry v. Wells Fargo Bank, N.A.*, 865 F.3d 880 (7th Cir. 2017) (applying Illinois law and determining that a mortgagee and the mortgage servicer shared the same interests and were in privity).

[31] The final question is whether Mains' settlement conference claim was or could have been determined in *Mains I*. During that case, Mains disputed Citibank was the real party in interest and further argued Citibank lacked standing to

pursue foreclosure. He thus could have also raised a claim that the settlement conference was invalid because the claimed creditor was not a real party in interest. Mains argues he could not have raised this claim in *Mains I* because the defendants' allegedly fraudulent activities prevented him from discovering the extent of their wrongdoing, but he had ample opportunity to pursue discovery in the foreclosure case. We conclude that the only claim Mains has preserved for appellate review is barred by claim preclusion. *See Kalwitz v. Kalwitz*, 934 N.E.2d 741 (Ind. Ct. App. 2010) (appellants' claim of conversion of personal property was barred by res judicata; claim was or could have been determined in prior estate proceeding, in which personal property was distributed).

[32] For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings.

[33] Judgment affirmed in part, reversed in part, and remanded.

Baker, J., and Altice, J., concur.