**FOR PUBLICATION**



FILED
Dec 24 2014, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**LLOYD G. PERRY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:
Attorneys for Anonymous Hospital 1, Inc.
and Anonymous Medical
Facility 1, Inc.
**MARK W. BAEVERSTAD**
**ANDREW L. PALMISON**
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

Attorneys for Anonymous Physician 1,
Alias Medical Group 1, LLC and
Anonymous Physician 6
**JASON A. SCHEELE**
**JESSICA L. PIXLER**
Rothbert Logan & Warsco, LLP
Fort Wayne, Indiana

Attorneys for Anonymous Physician 2,
Anonymous Medical Practice 1,
Anonymous Physician 5 and
Anonymous Medical Practice 2
**BENJAMIN D. ICE**
**WILLIAM A. RAMSEY**
Murphy Ice, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LLOYD G. PERRY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1401-CT-43 |
| | ) | |
| ANONYMOUS PHYSICAN 1, ALIAS MEDICAL | ) | |
| GROUP 1, LLC, ANONYMOUS PA-C, | ) | |
| ANONYMOUS HOSPITAL 1, INC., | ) | |

ANONYMOUS PHYSICAN 2, ANONYMOUS )
MEDICAL PRACTICE 1, ANONYMOUS )
MEDICAL FACILITY 1, ANONYMOUS )
PHYSICAN 3, ANONYMOUS SERVICE )
PROVIDER 1, INDIANA DEPARTMENT OF )
INSURANCE and RESPECTIVE UN-NAMED )
CARRIERS, ANONYMOUS PHYSICAN 4, )
ANONYMOUS SERVICE PROVIDER 1, )
ANONYMOUS HOSPITAL 1, INC., )
ANONYMOUS PHYSICAN 5, ANONYMOUS )
MEDICAL PRACTICE 2, BOIS BLANC 1, LLC, )
BOIS BLANC 2, LLC and ANONYMOUS )
MEDICAL GROUP 2, LLC, )
)
      Appellees-Defendants. )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable David J. Avery, Judge
Cause No. 02D01-1110-CT-501

**DECEMBER 24, 2014**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

In June 2010, Lloyd Perry filed with the Department of Insurance a proposed complaint alleging malpractice by a number of physicians and other healthcare providers (collectively, "the Providers"). As Perry did not provide expert testimony to rebut the medical review panel's opinion there was no malpractice that caused his injury,[1] we affirm.

---

[1] Perry also asserts the Medical Malpractice Act is unconstitutional. He offers constitutionality as the fourth allegation of error in his Statement of Issues, but after stating the Act is unconstitutional, Perry says he "can not argue the issues of Constitutionality of the Medical Malpractice Act nor the Constitutionality of [*Perry v. Barnard*, 745 F.Supp 1394 (S.D. Ind. 1990), *aff'd*, 911 F.2d 736 (7th Cir. 1990)] due to how they were <u>not</u> handled and <u>when</u> the issues arose." (Appellant's Br. at 3.) Perry offers no argument about constitutionality elsewhere in his brief.

An appellant who proceeds *pro se* is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). While we prefer to decide cases on their merits, alleged

2

**FACTS AND PROCEDURAL HISTORY**

Perry brought a proposed medical malpractice complaint in 2010 and amended it in January 2011 to add more defendants. The medical review panel unanimously found all the defendants except one hospital met the appropriate standard of care. It found the conduct of the hospital that did not meet the standard of care was not a factor in Perry's injuries. The Providers moved for summary judgment. Perry submitted a brief in response, but the record does not reflect he designated expert testimony to rebut the panel's findings. The trial court granted the Providers' motions. Perry's motion to correct error was denied.

**DISCUSSION AND DECISION**

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind. 1992); Ind. Trial Rule 56(C). The burden is on the moving party to prove the nonexistence of a genuine issue of material fact; if there is any doubt, the motion should be resolved in favor of the party opposing the motion. *Oelling*, 593 N.E.2d at 190. Once the movant has sustained this burden, however, the opponent may not rest on the mere allegations or denials in his pleadings, but must respond by setting forth specific facts showing there is a genuine issue for trial. *Id*.

---

errors are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.*

Indiana Appellate Rule 46(A)(8)(a) requires the argument section of a brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. . . ." We will not consider an assertion on appeal when there is not cogent argument supported by authority and references to the record as required by the rules. *Thacker*, 797 N.E.2d at 345. Nor will we become an advocate for a party,

In a medical malpractice action based on negligence the plaintiff must establish 1) a duty on the part of the defendant in relation to the plaintiff; 2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship; and 3) an injury to the plaintiff resulting from that failure. *Id*. In support of their motions for summary judgment, the Providers submitted the opinion of the medical review panel, which determined all the Providers except one hospital met the standard of care, and any breach by that hospital was not a factor in the damages Perry claimed. That satisfied the Providers' burden to show there was no genuine issue of material fact; without a breach of the standard of care, the defendants would be entitled to judgment as a matter of law. *Id*. It was then up to Perry to respond by presenting specific facts that showed a genuine issue for trial. *See id*.

Once the defending parties designate the opinion of the medical review panel finding they exercised the applicable standard of care, the plaintiff must generally present expert opinion testimony to demonstrate there is a genuine issue of material fact.[2] *Stafford v. Szymanowski*, 13 N.E.3d 890, 895 (Ind. Ct. App. 2014). Because of the complexity of medical diagnosis and treatment, expert opinion is required as to the existence and scope of the standard of care that is imposed on medical specialists and as to whether particular acts or

---

or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id*. As we may not become an advocate for Perry, we must conclude he has waived his argument on appeal.

[2] In some situations a physician's alleged negligence is so obvious that expert testimony is unnecessary. *Ziobron v. Squires*, 907 N.E.2d 118, 123 (Ind. Ct. App. 2008). In such cases, the doctrine of *res ipsa loquitur* applies to defeat the defendant's summary judgment motion. *Id*. Application of this exception is limited to situations in which the physician's conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach of the applicable standard of care.

Perry mentions the *res ipsa loquitur* exception in his brief, but only in the context of his allegations the medical review panel process was invalid. He does not argue this exception applies in the context of the medical negligence he alleges.

omissions measure up to the standard of care. *Id*. Before the trier of fact may confront the factual question of negligence the issue must be presented and placed in controversy by reference to expert opinion.

We note initially that in *Hughley v. State*, 15 N.E.3d 1000 (Ind. 2014), our Indiana Supreme Court recently held a non-movant may meet his obligation to raise a genuine issue of material fact and therefore defeat summary judgment by designating an affidavit – even "a perfunctory and self-serving one" – if it "specifically controvert[s]" the moving party's *prima facie* case. *Id*. at 1004. While it is unclear from the record before us whether Perry designated such an affidavit, we write to address why the *Hughley* reasoning does not apply to summary judgment motions in medical malpractice cases.

In his affidavit in a civil forfeiture case, Hughley denied under oath that his cash or car were proceeds of or used in furtherance of drug crimes, stating the money seized from him was "not the proceeds from criminal activity nor was it intended for a violation of any criminal statute. I did not intend to use that money for anything other [than] legal activities." *Id*. He stated his automobile "was never used to transport controlled substances and it is not the proceeds from any unlawful activity." *Id*. That evidence was "sufficient, though minimally so, to raise a factual issue to be resolved at trial, and thus to defeat the State's summary-judgment motion." *Id*.

The *Hughley* Court found the policy of not short-circuiting the trial process "especially weighty" because civil forfeitures have significant criminal and punitive characteristics; they are "not favored, and should be enforced only when within both the

5

letter and spirit of the law." *Id.* (quoting *Katner v. State,* 640 N.E.2d 388, 390 (Ind. Ct. App. 1994), *adopted and incorporated by reference,* 655 N.E.2d 345 (Ind. 1995)).  Ensuring that parties are not prematurely denied their day in court is always important, but it is especially vital before exacting criminal-like penalties.  *Id.*

We do not believe *Hughley* can be read to eliminate the requirement in medical malpractice cases that a plaintiff, to defeat summary judgment for a health care provider when the medical review panel has determined there was no breach of the duty of care or that any breach was not the cause if a plaintiff's injury, must provide expert opinion evidence.

In the usual negligence action the defendant's conduct is judged against what a reasonable man would do under the circumstances.  *Dolezal v. Goode*, 433 N.E.2d 828, 831 (Ind. Ct. App. 1982).  But the determination in a medical malpractice case whether a physician's conduct fell below the legally prescribed standard of care involves questions of science and professional judgment that are outside the realm of the layperson.  *See id.* (addressing the determination whether a physician has exercised the degree of skill and care possessed by physicians in the locality).  That is why, in an action for medical malpractice, whether the defendant used suitable professional skill must generally be proven by expert testimony, usually that of other physicians.  *Stackhouse v. Scanlon*, 576 N.E.2d 635, 639 (Ind. Ct. App. 1991), *trans. denied*.  We therefore do not believe a medical malpractice plaintiff may defeat summary judgment with nothing more than a "perfunctory and self-serving" affidavit that specifically controverts the moving party's *prima facie* case.

Perry offers no argument that he provided the required expert opinion testimony and

6

the record does not reflect he did. As he was obliged to do so in order to defeat the Providers' summary judgment motions, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.