## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEES |
|---|---|
| Ruth Gammons | Anah Hewetson Gouty |
| Westport, Indiana | Pittman Law Firm |
| | Bedford, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ruth Gammons, | November 20, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-PL-145 |
| v. | Appeal from the Jefferson Circuit Court |
| John Caleb Marling and Alyssa Marling, | The Honorable Darrell M. Auxier, Judge |
| *Appellees-Plaintiffs* | Trial Court Cause No. 39C01-1702-PL-122 |

**Crone, Judge.**

Ruth Gammons appeals the trial court's order denying her motion to set aside a default judgment entered on April 18, 2017, in favor of John Caleb Marling and Alyssa Marling. We note that although Gammons was represented by counsel below, she has chosen to proceed pro se on appeal. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013). This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). These consequences include waiver for failure to present cogent argument on appeal. *Id*. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied* (2015), *cert. denied* (2015). We will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id*.

Although failure to comply with the appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where, as here, such noncompliance impedes our review. *In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*. Because it would be quite cumbersome for us to restate all the appellate rules that Gammons has violated, we will simply say that her appellant's brief fails to comply in numerous respects with Indiana

Appellate Rule 46. Most significantly, Indiana Appellate Rule 46(A)(8) requires that contentions in an appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal. Failure to comply with this rule results in waiver of an argument on appeal. *Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012).

[3] Gammons's brief consists primarily of rambling and disorganized statements. Gammons does not cite to a single legal authority, nor does her principal brief contain a single accurate citation to the transcript of the trial court proceedings or to the order being appealed. In sum, her noncompliance with the appellate rules has resulted in the waiver of her claim. Accordingly, we affirm the trial court's order.[1]

[4] Affirmed.

Najam, J., and Pyle, J., concur.

---

[1] In addition to denying Gammons's motion to set aside the default judgment, the trial court's order modified the default judgment in certain respects in Gammons's favor. We affirm the order in its totality.