## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2019, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
| --- | --- |
| Douglas Alan Dyson<br>Columbia City, Indiana | Elizabeth A. Deckard<br>Matthew R. Shipman<br>Bloom Gates Shipman &<br>  Whiteleather LLP<br>Columbia City, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Douglas Alan Dyson,<br>*Appellant-Defendant,*<br><br>v.<br><br>Whitley County Treasurer,<br>Whitley County Auditor,<br><br>*Appellees-Plaintiffs* | May 9, 2019<br><br>Court of Appeals Case No.<br>18A-TS-2858<br><br>Appeal from the<br>Whitley Circuit Court<br><br>The Honorable Matthew J.<br>Rentschler, Judge<br><br>Trial Court Cause No.<br>92C01-1810-TS-338 |

**Vaidik, Chief Judge.**

[1] Douglas Alan Dyson owned real property in Whitley County. On August 6, 2018, the Whitley County Auditor served Dyson with a notice of tax sale,

stating that he had failed to pay more than $10,000 in property taxes and penalties. Dyson filed a rambling, eleven-page objection to the tax sale, in which he claimed that he was not required to pay the taxes in question. Following a hearing, the trial court denied Dyson's objection and ordered his property to be sold. The trial court's order provides, in part:

> Mr. Dyson's arguments that his property should not be subject to taxes or tax sale are not cogent. The arguments consist of fragments of legalese which are taken from their context and weaponized without regard to logic, proper authority, or common sense. His insistence that land patents, Trial Rule 11, trusts, and subrogation have anything to do with this tax sale stand in stark contrast to the simple fact that real property is taxed in Indiana, and failing to pay those taxes will subject real property to tax sale pursuant to the Indiana Code.

Appellant's App. Vol. II p. 106.

[2] Dyson, pro se, now appeals, raising several issues. The Whitley County Auditor and Treasurer argue that Dyson has waived all of them by "failing to make coherent, cogent arguments supported by relevant law and the record." Appellee's Br. p. 9. We agree. Indiana Appellate Rule 46(A)(8)(a) provides that the appellant's argument "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."; *see also Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014) (explaining that we will not become "an advocate for a party, or address arguments that are inappropriate or too

poorly developed or expressed to be understood"), *trans. denied*. Dyson's arguments, however, are nonsensical, incomprehensible, and unsupported by proper legal authority. The bulk of Dyson's arguments concern his unsupported claim that he appointed the trial-court judge in this case, Judge Matthew J. Rentschler, as trustee of his property. *See* Appellant's Br. p. 11 ("Trustee Rentschler intentionally breached his judicial office in bad faith by failing to respect and honor the same as a public trust and strive to maintain and enhance confidence in the legal system, regarding the DOUGLAS ALAN DYSON estate, with reckless indifference and breach as referenced by naming Payor: Doug Dyson Trust."). Dyson then ends his argument by alleging that "Trustee Rentschler's" breach "is against House Joint Resolution 192 of June 5, 1933; Pub. L. 73-10 and Article XIII of the United States Constitution, slavery and involuntary servitude perpetrated by a fraudulent and unjust monetary pledging system." Appellant's Reply Br. p. 16. We agree with the trial court's apt assessment of Dyson's arguments and therefore find that he has waived our review of his contentions for lack of cogent argument.

[3] Affirmed.

Kirsch, J., and Altice, J., concur.