# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 08 2019, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANTS PRO SE

Marion Hoosier
Antwon Baymon
Anderson, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marion Hoosier and Antwon Baymon, <br> *Appellants-Defendants,* <br><br> v. <br><br> Terry Riddle and Rebecca Riddle, <br> *Appellees-Plaintiffs.* | August 8, 2019 <br><br> Court of Appeals Case No. 18A-SC-961 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas L. Clem, Judge <br><br> The Honorable Stephen Clase, Magistrate <br><br> Trial Court Cause No. 48C05-1801-SC-14 |

**Barteau, Senior Judge.**

# Statement of the Case

[1] Marion Hoosier and Antwon Baymon appeal the small claims court's entry of judgment in favor of Terry Riddle and Rebecca Riddle ("the Riddles"). We dismiss.

# Issue

[2] Hoosier and Baymon claim the trial court erred in entering judgment in favor of the Riddles, but the dispositive issue is whether this appeal was timely filed.

# Facts and Procedural History

[3] On January 4, 2018, the Riddles filed a Notice of Small Claim against Hoosier and Baymon. The precise nature of the parties' dispute is unclear, but the Riddles claimed Hoosier and Baymon owed them $6,000 for damage to their vehicle. The small claims court scheduled a bench trial for January 25, 2018. The Chronological Case Summary indicates that Hoosier and Baymon were served with the Notice of Small Claim as follows: "copy left and mailed." Appellants' App. Vol. 2, p. 2.

[4] The small claims court held the bench trial as scheduled on January 25. After the hearing, the court issued an order in which it stated the Riddles were present, but Hoosier and Baymon had failed to appear. The court further indicated proper service had been issued to Hoosier and Baymon. Finally, the court determined it had heard evidence "on . . . the record" and issued a

judgment in favor of the Riddles in the amount of $6,000, plus court costs and eight percent annual interest. *Id.* at 12.

[5] Later in the day on January 25, Hoosier and Baymon filed a request for a new trial with a different judge. They claimed they had arrived "later than the plaintiff," and the small claims court had refused to hear their evidence and show them the Riddles' evidence. *Id.* at 11. Hoosier and Baymon further claimed the judge was biased against them. On February 6, the court denied Hoosier and Baymon's request for a new trial and determined the January 25 judgment was confirmed.

[6] On March 5, the Riddles filed with the small claims court a request to intercept Hoosier and Baymon's tax refunds to satisfy the judgment. The court scheduled a hearing on proceedings supplemental for April 4. On April 3, Baymon filed a request for a "continuance or appeal" and further indicated he was hiring a lawyer. *Id.* at 16.

[7] On April 4, the small claims court held the previously scheduled hearing on proceedings supplemental. After the hearing, the court issued an order stating as follows:

> Plaintiff appears in person. Defendant appears in person. Defendant confirms address. Defendants disagree with judgment. Defendants advised to pay or appeal. The court grants defendants 30 days from this date to file a belated appeal. Defendants acknowledged understands [sic]. Cause reset for review hearing on 6/8/2018, at 1:30 p.m. to check status.

*Id.* at 18.  Hoosier and Baymon filed a Notice of Appeal on April 27, 2018. This appeal followed.

# Discussion and Decision

[8]     Hoosier and Baymon challenge the small claims court's rulings, but we have determined that their appeal is untimely.  A Notice of Appeal must be filed within thirty days of the trial court's issuance of a final judgment or a ruling on motion to correct error.  Ind. Appellate Rule 9(A)(1).  "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."  App. R. 9(A)(5).  The Indiana Supreme Court has explained, "[i]n essence a party loses his or her right to appeal for failing to file timely a Notice of Appeal."  *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014).

[9]     In their Notice of Appeal, Hoosier and Baymon stated they were appealing the small claims court's January 25, 2018 final judgment and February 7, 2018 denial of their request for a new trial.  Even if we treat Hoosier and Baymon's request for a new trial as a motion to correct error, they did not file their Notice of Appeal until April 27, 2018, more than thirty days after the denial of their request, and their attempt to appeal those decisions is untimely.  *See Estate of Mills-McGoffney v. Modesitt*, 78 N.E.3d 700, 705 (Ind. Ct. App. 2017) (appellant waived right to appeal trial court's striking of complaint and denial of motion for summary judgment; Notice of Appeal filed after the thirty-day deadline).

[10]    On April 4, 2018, the small claims court granted Hoosier and Baymon thirty days to file a belated appeal, and Hoosier and Baymon filed their Notice of

Appeal within that deadline. We conclude the court lacked the authority to grant an extension to file a Notice of Appeal. Indiana Appellate Rule 9(A)(5) states that certain appellants may seek a belated appeal under Indiana Post-Conviction Rule 2, but that rule applies to criminal cases, not to civil actions such as a small claims proceeding. *See Wooten v. State*, 946 N.E.2d 616, 623 (Ind. Ct. App. 2001) (appeal dismissed; appellant could not seek a belated appeal under Post-Conviction Rule 2 for the revocation of his probation, which is a civil proceeding).

[11] Even if Hoosier and Baymon's appeal were timely, their failure to comply with the Indiana Rules of Appellate Procedure would prevent us from addressing the merits of their claims. Pro se litigants are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). "We will not become an 'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id.* at 984 (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*). While we prefer to decide issues on the merits, where an appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Id.*

[12] An appellant's brief must include a table of authorities, a statement of issues, a statement of case describing the procedural history, a summary of argument, and an argument section, among other requirements. Ind. Appellate Rule 46(A). Hoosier and Baymon's seven-page brief consists of a "statement of grounds" and "supporting facts." Appellants' Br. p. 2. In addition, the

argument section must contain the appellant's contentions on the issues, supported by "cogent reasoning" and "citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." Ind. Appellate Rule 46(A). It must also include a "concise statement of the applicable standard of review." *Id.* Hoosier and Baymon's statement of grounds, which we consider as similar to an argument section, does not contain any citations to legal authorities discussing the standard of review. In addition, they do not cite any authorities in support of their allegations of error.

[13]    Finally, when filing a Notice of Appeal, an appellant is required to request a transcript of all portions of the proceeding "necessary to present fairly and decide the issues on appeal." Ind. Appellate Rule 9(F)(5). Hoosier and Baymon failed to request a transcript of the January 25, 2018 hearing, even though the small claims court conducted that hearing on the record. A transcript of that hearing is necessary to address Hoosier and Baymon's claim that they appeared for the hearing, but the small claims court refused to hear their evidence. Hoosier and Baymon's extensive noncompliance with the Appellate Rules has impeded our consideration of the issues, and we would deem their claims waived even if their appeal were timely. *See Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 490 (Ind. Ct. App. 2003) (appellant's appeal deemed waived for failure to provide cogent reasoning and citations to authority in appellant's brief).

# Conclusion

For the reasons stated above, we dismiss this appeal.

Appeal dismissed.

Riley, J., and Bradford, J., concur.