## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James R. Munsey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 30, 2019<br><br>Court of Appeals Case No.<br>19A-CR-742<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jennifer E.<br>Newton, Judge<br><br>Trial Court Cause No.<br>35D01-1808-F3-164 |

**Tavitas, Judge.**

# Case Summary

James Munsey appeals his conviction for possession of methamphetamine, a Level 4 felony. We affirm.

# Issue

Munsey raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction for possession of methamphetamine because the jury's verdict was inconsistent.

# Facts

On July 31, 2018, Munsey and his girlfriend, Mycah Clingaman, were in the backseat of a vehicle driven by James Smith. Stacy Brandenburg was also a passenger in the vehicle. The vehicle was stopped by Officer Evan Rhoades of the Huntington City Police Department. Because the vehicle's expired license plates did not match the vehicle, the vehicle was impounded, and an inventory search was performed. In the backseat of the vehicle, officers found a black case with a yellow zipper that contained 11.48 grams of methamphetamine. In the backseat, officers also found two purses—a blue purse that contained assorted paraphernalia and methamphetamine and a black purse that contained a loaded handgun and methamphetamine.

The State charged Munsey with possession of methamphetamine, a Level 3 felony, because the methamphetamine weighed more than ten grams and

because the State alleged that Munsey possessed the handgun.[1]  The State also alleged that Munsey was a habitual offender.[2]

[5]     At the jury trial, Clingaman testified that the black case with the yellow zipper belonged to Munsey.  Clingaman also testified that the handgun had been in Munsey's waistband and that, upon seeing Officer Rhoades' flashing lights, Clingaman concealed the handgun in her purse.[3]  On cross-examination, however, Clingaman testified that she also told officers that she obtained the handgun from a co-worker.

[6]     The jury found Munsey guilty of the lesser-included offense of possession of methamphetamine as a Level 4 felony, and Munsey stipulated to being a habitual offender.  The trial court sentenced Munsey to an aggregate sentence of twenty-four years in the Department of Correction.  Munsey now appeals.

---

[1] Indiana Code Section 35-48-4-6.1(a) governs the offense of possession of methamphetamine and provides: "A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses methamphetamine (pure or adulterated) commits possession of methamphetamine . . . ."  The offense is a Level 4 felony if "the amount of the drug involved is at least ten (10) but less than twenty-eight (28) grams."  Ind. Code § 35-48-4-6.1(c)(1).  The offense is a Level 3 felony if "the amount of the drug involved is at least ten (10) but less than twenty-eight (28) grams and an enhancing circumstance applies."  I.C. § 35-48-4-6.1(d)(2).  An enhancing circumstance includes that [t]he person committed the offense while in possession of a firearm."  I.C. § 35-48-1-16.5(2).

[2] The State later added a charge of theft, a Level 6 felony, but dismissed the charge prior to trial.

[3] Clingaman was also charged and entered into a plea agreement, which required her to testify truthfully at Munsey's trial.

# Analysis

## I.  Inconsistency of the Verdict

[7]  Munsey argues that the evidence is insufficient to sustain his conviction for possession of methamphetamine as a Level 4 felony because the jury's verdict was inconsistent.  According to Munsey, by finding him guilty of the lesser-included Level 4 felony, the jury found him "not guilty of the aggravating factor of handgun possession," which would have resulted in a Level 3 felony conviction.  Appellant's Br. p. 11.  Munsey argues the verdict was inconsistent because "the jury was presented with the exact same evidence to prove Munsey's possession of methamphetamine in the black zippered case as it was presented to prove that Munsey possessed the handgun sticking out of the purse sitting next to the black zippered case."  *Id.*

[8]  We disagree with Munsey's assertion that the evidence regarding the possession of the methamphetamine and handgun was the same.  Regardless, in *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010), our Supreme Court held: "Jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable."  As such, we decline Munsey's request to review the alleged inconsistency of the jury's verdict.

## II.  Sufficiency of the Evidence

[9]  Although Munsey frames his argument as a challenge to the sufficiency of the evidence, his only argument concerns the alleged inconsistency of the verdict.  The State, consequently, argues that Munsey has waived any contention that

the evidence is insufficient to sustain his Level 4 felony conviction.  We agree.  Indiana Appellate Rule 46(A)(8)(a) requires that the argument section of a brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."  We will not consider an assertion on appeal when there is no cogent argument supported by authority.  *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 136 S. Ct. 227 (2015).  We will not address arguments that are inappropriate or too poorly developed or expressed to be understood.  *Id.*  Munsey makes absolutely no argument regarding the sufficiency of the evidence to support his Level 4 felony conviction.  Accordingly, the issue is waived.

## Conclusion

[10] Munsey's argument regarding the inconsistency of the jury verdict fails.  To the extent Munsey contends his conviction was not supported by sufficient evidence, the issue is waived.  We affirm.

[11] Affirmed.


Brown, J., and Altice, J., concur.