## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 18 2019, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

DeAnn Graham
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Matthew A. Yeakey
Jonathan R. Slabaugh
Elkhart, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DeAnn G. Graham,<br>*Appellant-Defendant,*<br><br>v.<br><br>UMH in Holiday Village, LLC,<br>*Appellee-Plaintiff.* | December 18, 2019<br><br>Court of Appeals Case No.<br>19A-SC-785<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Dean O. Burton,<br>Magistrate<br><br>Trial Court Cause No.<br>20D06-1806-SC-3112 |

**Tavitas, Judge.**

## Case Summary

[1]     DeAnn Graham appeals the small claims court's judgment for UMH in Holiday Village, LLC ("Landlord"). We affirm.

## Issues

Graham raises numerous issues, which we consolidate and restate as:

I. Whether the small claims court properly granted Landlord's claim for breach of contract.

II. Whether the small claims court properly denied Graham's counterclaim for emotional distress.

## Facts

In 2013, Graham entered into a lease agreement with Landlord. The lease provided:

> PETS. TENANT may have one (1) registered "domesticated" pet per household with the <u>prior</u> written approval of LANDLORD. A monthly charge, as contained in the section of this Lease entitled "Additional Charges", will be assessed to TENANT for the approved pet. TENANT is solely and totally responsible for the behavior of their pets. Noisy, unruly, or dangerous pets, those commonly known for aggressive behavior (i.e. Dobermans, Rottweilers, Pit Bulls, Wolf Breeds, etc.) as well as exotic pets (snakes, wild animals, etc.) will not be allowed in the Manufactured Home Community. Management shall have the final determination as to the acceptability of any pet. Failure to abide by the Rules and Regulations of the Community will result in the loss of this privilege.

Exhibits Vol. III p. 5. The lease was later amended to add the following:

> DOGS: Dogs will be limited to house-type dogs with a full-grown weight of 50 lbs. or less. No Resident(s) shall be allowed to erect or install dog compounds, dog runs, dog shelters or houses within the Community.

*Id.* at 9.

[4]     On June 18, 2019, Landlord's former regional manager, Karen Wills, and Landlord's property manager, Chris Waters, were driving through the community and saw a pit bull on a leash held by Graham's daughter in a yard next to Graham's residence. As Wills was discussing the pit bull with Graham's daughter, Graham came outside. Graham and Wills had a verbal argument. The pit bull lunged at Wills and bit Wills on her right breast, resulting in bruising. Landlord requested that Graham remove the dog from the premises, and Graham refused. Graham argued that the dog was a golden retriever mix named Kane and that the dog was her daughter's emotional support animal.

[5]     On June 28, 2018, Landlord filed a small claims court notice of claim for breach of lease agreement against Graham. Landlord alleged that Graham breached her lease by having an unregistered pit bull. An evidentiary hearing was held on July 19, 2018, regarding possession and eviction, and the small claims court entered an order granting Landlord possession of the premises. Graham moved out of the residence at the end of July 2018.

[6]     On August 1, 2018, Graham filed a counterclaim against Landlord. Graham claimed that she was a "victim of racial bias and racial profiling" by Landlord and that Landlord's conduct had caused her emotional distress. Appellant's App. Vol. II p. 56. A hearing was held on January 28, 2019, regarding Landlord's damages and Graham's counterclaim. At the hearing, Landlord

requested damages for attorney fees and alleged cleaning fees and damages to the residence. Graham testified that she did not own a pit bull; that her dog was a golden retriever mix; that the dog was her daughter's emotional support animal; that she had previously provided Landlord with documentation of the emotional support animal; and that the emotional support animal did not bite Wills.

[7] The small claims court issued an order finding for Landlord and awarding damages to Landlord and denying Graham's counterclaim. Regarding Landlord's claims, the small claims court found that "more likely than not the Defendant's dog was a prohibited breed, to wit, a pit bull, (likely an addition to the Defendant's dog, [K]ane) and that the dog was not properly registered as an emotional support animal in accord with the Lease." Appellant's App. Vol. II p. 10. The small claims court, thus, found "that the Plaintiff has established by a preponderance of evidence that the Defendant violated the Lease by maintaining a pit bull dog and that the same was not registered with the Plaintiffs mandated by the Lease and park rules." *Id.* at 11. The small claims court awarded attorney fees and the outstanding account balance[1] to Landlord but declined to award cleaning or damage fees. As for Graham's counterclaim, the small claims court found:

---

[1] The damage award included $1,850.00 for attorney fees, and $424.55 for the account balance ($386.00 due on the account as of July 12, 2018, plus $38.55 for a utilities reimbursement).

The Defendant appears to claim that the Plaintiff engaged in racial profiling in bringing its eviction claim against the Defendant; however, the Plaintiff's evidence reflects that all of its tenants were treated equally. The Plaintiff established that Notices were sent to all residents with unregistered animals or pets that were not permitted by the Lease. (Exhibit 4) While this Court finds that the Defendant, and her daughters, likely, and unfortunately, suffered emotional stress from the eviction and relocation, it appears that the eviction was primarily due to the Defendant's failure to abide by the Terms of the written Lease Agreement and again, unfortunately, due to the Plaintiff's loss of her employment. This Magistrate must, therefore, find that the Defendant should take nothing by way of her Counterclaim.

*Id.* at 12. Graham now appeals this order.

[8]     We note that, separately, in June 2018, Graham filed a housing discrimination complaint with the Elkhart Human Relations Commission and alleged: (1) "Discriminatory terms, conditions, privileges, or services in rental;" and (2) "Failure to make reasonable accommodation." Ex. Vol. III p. 39. On September 27, 2018, the Elkhart Human Relations Commission issued a "No Probable Cause Finding" and closed the action. The Commission found there was "no supporting evidence to conclude that a violation of the Federal Fair Housing Act has occurred." *Id.* at 43. The notice noted that the decision was the "final determination" and was subject to judicial review in accordance with Indiana Code Section 4-21.5-5. *Id.*

## Analysis

Graham appeals the small claims court's judgment. We review facts from a bench trial under the clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). "This deferential standard of review is particularly important in small claims actions, where trials are informal, 'with the sole objective of dispensing speedy justice' between parties according to the rules of substantive law." *Id.* (quoting *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008)). We review questions of law de novo. *Id.* In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995).

Before addressing Graham's arguments, we note that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied, cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* We will not consider an assertion

on appeal when there is no cogent argument supported by authority and there are no references to the record as required by the rules. *Id.* We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[11] Landlord argues that we should affirm the small claims court because Graham repeatedly failed to comply with our appellate rules. We agree that Graham has largely failed to comply with the Indiana Appellate Rules. We will, however, address Graham's arguments to the extent they are discernible.

## I. Breach of Lease Claim

[12] Graham appears to argue that the small claims court erred by finding that her dog violated the lease provisions. We construe a lease in the same manner as any other contract. *Youell v. Cincinnati Ins. Co.*, 117 N.E.3d 639, 641 (Ind. Ct. App. 2018). Graham does not appear to contest that the lease did not allow pit bulls and required dogs to be registered. Rather, Graham argues that her dog, Kane, was a golden retriever mix and that it was registered with the Landlord as an emotional support animal. Wills, however, testified that she was bitten by a pit bull and that Kane was not the animal that attacked her. Landlord also presented evidence that its records did not contain any information about Graham's emotional support animal. The small claims court specifically found that "more likely than not the Defendant's dog was a prohibited breed, to wit, a pit bull, (likely an addition to the Defendant's dog, [K]ane) and that the dog was not properly registered as an emotional support animal in accord with the Lease." Appellant's App. Vol. II p. 10. There is evidence to support the small

claims court's finding, and Graham's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. We cannot say that the small claims court's judgment that Graham breached her lease is clearly erroneous.[2]

## II. Counterclaim

[13] Next, Graham appears to argue that the small claims court erred by denying her counterclaim. We note that Graham's counterclaim presented a claim for emotional distress due to racial profiling and racial bias by Landlord. On appeal, Graham mainly argues that Landlord violated the Fair Housing Act, 42 U.S.C. § 3604, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. These arguments, however, appear to have been presented to the Elkhart Human Relations Commission, not this small claims court. It is unclear from the record whether Graham appealed the Commission's decision; regardless, issues raised before the Commission must be appealed through an appeal of the Commission's decision.[3] Only issues raised before the small claims court can be considered in this appeal. *See GKC Ind. Theatres, Inc. v. Elk Retail Inv'rs, LLC.,*

[2] Graham also argues that she did not leave the residence damaged or in a dirty condition. The small claims court, however, did not award Landlord such damages. As a result, we do not address this issue. Graham seems to argue that Landlord failed to give her a $200.00 promotion for referring a friend. The ledger entered as Plaintiff's Exhibit 3, however, shows a $200.00 credit to her account for "Promotion Rent." Ex. p. 12. Finally, Graham seems to argue that she was overcharged for the site rental charge for several years. The small claims court declined to find for Graham on this point and noted that "the Defendant continued to pay the rent as billed by the Plaintiff." Appellant's App. Vol. II p. 12. The small claims court's finding is not clearly erroneous.

[3] Graham appears to make arguments concerning the Commission's decision. *See* Appellant's Br. p. 14 (discussing claims against the Elkhart Human Relations Department). Graham, however, must exhaust her administrative remedies and cannot raise these arguments in this appeal. *See* Ind. Code Chapter 4-21.5-5.

764 N.E.2d 647, 651 (Ind. Ct. App. 2002) ("As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court.").

[14] In her counterclaim, Graham argued that she sustained emotional distress due to racial profiling and racial bias by Landlord. Landlord, however, presented evidence that the pet policy was enforced regardless of race. Landlord also presented evidence that the pit bull at issue was not a registered emotional support animal. The small claims court rejected Graham's argument, finding no racial bias and finding that the dog at issue was a pit bull and was not a registered emotional support animal. Graham's argument, again, is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. We cannot say the small claims court's denial of Graham's counterclaim is clearly erroneous.

## Conclusion

[15] The small claims court's judgment is not clearly erroneous. We affirm.

[16] Affirmed.

Brown, J., and Altice, J., concur.