## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2020, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael Baldwin
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kayla J. Goodfellow
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Baldwin<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Value Real Estate Holdings, LLC,<br>*Appellee- Defendant.* | March 13, 2020<br><br>Court of Appeals Case No.<br>19A-CT-1397<br><br>Appeal from the Marion Superior Court<br><br>The Honorable James B. Osborn, Judge<br><br>Trial Court Cause No.<br>49D14-1511-CT-37961 |

**Tavitas, Judge.**

# Case Summary

[1] Michael Baldwin appeals a judgment in favor of Value Real Estate Holdings, LLC ("Value Real Estate") on Baldwin's complaint. We affirm.

# Issues

[2] Baldwin raises several issues, which we restate as follows:

> I. Whether the trial court erred by changing Baldwin's fraudulent misrepresentation claim to a breach of contract claim.
>
> II. Whether the trial court erred by failing to hold a final pre-trial conference.
>
> III. Whether the trial court erred by denying Baldwin's motion to compel.
>
> IV. Whether the trial court erred by failing to order a mistrial.
>
> V. Whether the jury's verdict was proper.[1]

# Facts

[3] On December 14, 2013, Baldwin signed a lease for property located on Sheffield Court in Indianapolis, which was owned by Value Real Estate (the "Property"). On July 10, 2014, Baldwin fell from the back deck of the Property.

---

[1] In his reply brief, Baldwin argues that: (1) Value Real Estate illegally shut off the utilities of the Property; (2) Value Real Estate was aware of a "hidden undisclosed latent defect"; and (3) Mr. Patel's testimony was incredibly dubious. Issues raised for the first time in a reply brief are waived. *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 593 n.6 (Ind. 2001).

[4] Baldwin filed a complaint and later filed an amended complaint against Value Real Estate. The amended complaint alleged, in part: (1) Value Real Estate "[f]raudulently [m]isrepresented the condition of the Property at lease signing"; (2) Value Real Estate breached "an oral addendum to the residential lease that stipulated gas and water utilities would remain active in the name of the Defendant's Registered Agent, Parag Patel, for 90 days"; (3) Value Real Estate failed to use reasonable care in warning Baldwin of hazardous conditions on the Property and in correcting hazardous conditions on the Property; and (4) Value Real Estate exerted undue influence/coercion to force Baldwin into signing the lease. Appellant's App. Vol. II p. 28. Value Real Estate filed a motion to dismiss Baldwin's amended complaint, which the trial court granted as to the undue influence/coercion claim and other claims which are not at issue here.[2]

[5] Baldwin's claims were presented to a jury in May 2019. After Baldwin presented his case, Value Real Estate moved for a directed verdict. The trial court granted the motion as to Baldwin's fraudulent misrepresentation claim, but denied the motion as to Baldwin's negligence and breach of contract claims. The jury entered a verdict in favor of Value Real Estate on both the negligence and the breach of contract claims. Baldwin now appeals.

---

[2] Baldwin made additional allegations, which the trial court dismissed for failure to state a claim upon which relief may be granted or lack of jurisdiction. Baldwin does not appeal the dismissal of those claims.

# Analysis

[6] Before addressing Baldwin's argument, we note that Baldwin is proceeding pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied, cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.*

[7] Indiana Appellate Rule 46(A)(5) requires that an appellant's brief contain a statement of the case, and Rule 46(A)(6) requires that the statement of the facts be supported by page references to the record. Rule 46(A)(8)(a) requires that the argument section of a brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Further, Rule 46(A)(8)(b) requires a "concise statement of the applicable standard of review." We will not consider an assertion on appeal when there is no cogent argument supported by authority and there are no references to the record as required by the rules. *Id.*

We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[8] Baldwin's brief is lacking in each of these respects. Baldwin's brief does not contain a statement of the case, facts supported by references to the record, cogent reasoning, or a concise, accurate standard of review. Baldwin's arguments are waived as a result of his failure to follow the appellate rules. Waiver notwithstanding, we will attempt to address Baldwin's arguments to the extent they are discernible.

## I. Fraudulent Misrepresentation

[9] Baldwin argues that the trial court erred by striking his fraudulent misrepresentation claim and adding a breach of contract claim on the day of the trial. Baldwin, however, misinterprets the trial court's orders.

[10] Baldwin's complaint included claims for undue influence/coercion, breach of contract, fraudulent misrepresentation, and negligence. Value Real Estate filed a motion to dismiss, and the trial court granted Value Real Estate's request regarding Baldwin's undue influence and coercion allegations. One of the allegations stricken by the trial court included the following: "Defendant fraudulently misrepresented the condition of the Property to coerce the Plaintiff to sign a residential lease." Appellant's App. Vol. II p. 28. The trial court, however, did not strike the following allegation: "Defendant . . . [f]raudulently [m]isrepresented the condition of the Property at lease signing." *Id.* Accordingly, Baldwin's fraudulent misrepresentation claim was not stricken or

dismissed at that time. Rather, during the jury trial, the trial court granted Value Real Estate's motion for a directed verdict as to the fraudulent misrepresentation claim; however, the breach of contract claim raised by the complaint was considered by the jury.[3]

## II. Final Pretrial Conference

[11] Baldwin argues that the trial court abused its discretion by "eliminat[ing] the final pretrial conference." Appellant's Br. p. 18.[4] The trial court held a final pretrial conference on February 15, 2019. At that time, the trial court noted that the trial date of March 12, 2019, would be rescheduled. The trial court and the parties then set a new trial date of May 14, 2019. The trial court set dates for proposed jury instructions, motions in limine, and final witness and exhibit lists. The trial court and the parties also discussed pending outstanding motions to compel and a motion to amend the case management plan. When Value Real Estate's counsel inquired whether there would be another final pretrial conference, the trial court stated, "I don't see any reason to to be honest with you." Tr. Vol. II p. 44. Baldwin did not object or request another final pretrial

---

[3] Baldwin also seems to argue that he presented evidence of a fraudulent misrepresentation at the trial. During the jury trial, Baldwin argued that he established fraudulent misrepresentation because "Mr. Patel stated to Warren Township Court that there were damages that were caused by my family and . . . he said one of the things he did in repairing the damages was . . . [installing] insulation in the roof and removing a dishwasher." Tr. Vol. II p. 135. On appeal, Baldwin makes a different argument than he made at trial and contends Value Real Estate made fraudulent claims regarding the condition of the house at the time the lease was signed. Those arguments, however, were not raised at the trial and are waived. *See Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal.").

[4] Appellant's Brief is not paginated.

conference. This issue, accordingly, is waived. *See Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal.").

### III. Motion to Compel

[12]     Baldwin argues that the trial court erred by denying his motion to compel. A trial court has broad discretion in ruling upon discovery matters, and we will reverse such rulings only when there has been a clear abuse of discretion. *Himsel v. Indiana Pork Producers Ass'n*, 95 N.E.3d 101, 109 (Ind. Ct. App. 2018). An abuse of discretion occurs if a decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*

[13]     Baldwin's argument relates to his request for production of documents, which requested: "Summary of the repairs/new build required to fix the back deck of the Property with the name and address of the company that provided the service. Please include copies of all permits that were required if applicable." Appellant's App. Vol. II p. 40. Value Real Estate responded, in part, that: "Repairs were completed, however there is no written summary of repairs." *Id.* At a June 20, 2018, hearing on Baldwin's motion to compel receipts of the repairs, counsel for Value Real Estate noted that Baldwin's request for

production of documents requested only a summary of the repairs, not receipts. The trial court denied Baldwin's motion to compel regarding that request.[5]

[14] Baldwin then filed another motion to compel, and a hearing was held on March 29, 2019. Baldwin argued that Value Real Estate had failed to comply with the trial court's earlier order on the motion to compel regarding the receipts. Counsel for Value Real Estate again noted that receipts were not requested in the request for production. The trial court reviewed the recording of the June 20, 2018 hearing to determine the validity of Baldwin's claim and denied Baldwin's second motion to compel. Under these circumstances, we cannot say that the trial court abused its discretion by denying Baldwin's motion to compel.

### *IV. Mistrial*

[15] Baldwin argues that the trial court should have ordered a mistrial "when [the] Attorney for Value Real Estate . . . purposefully misspoke of a conviction against Mr. Baldwin in front of the jury when in fact the charge was dismissed." Appellant's Br. p. 6. During cross-examination of Baldwin, Value Real Estate questioned him regarding an alleged theft conviction. During a break, the trial court questioned Value Real Estate's counsel regarding whether a conviction existed. The trial court learned that Baldwin was charged, but the case was dismissed and Baldwin was not convicted. The trial court noted that Value

---

[5] The trial court found that some of Value Real Estate's other answers were incomplete and granted the motion to compel in part, giving Value Real Estate thirty days to provide the discovery.

Real Estate counsel's cross-examination was improper. The trial court then discussed the options available to resolve the issue: (1) "ignore it"; (2) admonish Value Real Estate's counsel and instruct the jury not to consider the information; or (3) declare a mistrial. Tr. Vol. II p. 232. The trial court stated to Baldwin, "It's entirely up to you at this point what I do. So, I can admonish the jury. I can explain the situation, or I can grant a mistrial motion." *Id.* at 233. Baldwin chose to instruct the jury. The trial court then informed the jury of the mistake, took judicial notice of the fact that the charges against Baldwin were dismissed, and instruct the jury regarding the incident.

[16] "[A]n admonishment to the jury to disregard inappropriate statements is generally presumed to cure any error." *TRW Vehicle Safety Sys., Inc. v. Moore*, 936 N.E.2d 201, 221 (Ind. 2010). Accordingly, we presume that the trial court's admonishment cured the error in Value Real Estate counsel's inappropriate cross-examination. Moreover, "if counsel is not satisfied with the admonishment or it is obvious that the admonishment will not be sufficient to cure the error, counsel may then move for a mistrial." *Etienne v. State*, 716 N.E.2d 457, 461 (Ind. 1999). The failure to request an admonishment or move for a mistrial results in waiver of the issue. *Id.* Baldwin agreed with the admonishment and did not request a mistrial. Accordingly, this issue is waived.

### V. Jury Verdict

[17] Finally, Baldwin argues that the jury verdict in favor of Value Real Estate was erroneous. Baldwin essentially argues that he presented sufficient evidence for

the jury to find in his favor on his negligence claim. Our Supreme Court has held that a claim of sufficiency of the evidence in a civil case "must be preserved by proper presentation to the trial court. Such a challenge may not be initially raised on appeal in civil cases if not previously preserved in the trial court by either a motion for judgment on the evidence filed before judgment or in a motion to correct error." *Henri v. Curto*, 908 N.E.2d 196, 208 (Ind. 2009). Baldwin did not file a motion to correct error pursuant to Indiana Trial Rule 59, and the issue, accordingly, is waived.

## Conclusion

[18] The trial court did not abuse its discretion by denying Baldwin's motion to compel, and Baldwin's remaining arguments are waived. We affirm.

[19] Affirmed.

Robb, J., and Vaidik, J., concur.